## BOARDMAN v. GORE and WILLIAMS.

1. A. gives to B. a bond with a blank for the payees name, with an agreement that the payees name may be afterwards inserted. B. may insert his name accordingly.
2. Such authority need not be under seal, nor in writing, parol evidence of it is sufficient.

BOARDMAN, who was plaintiff below, brought an action of debt in the Circuit Court of Tuscaloosa, against Gore and Williams, on a joint and several note under seal, made by them to B. M. Garner or bearer, and which was assigned by Garner in writing, to one Ragsdale, and by Ragsdale to the plaintiff.

The defendants pleaded several separate pleas. The first plea by Gore alleges, that the writing declared on is not his deed, because it was executed in blank as to the name of the payee, and that his name was inserted afterwards. To this plea there was a replication averring that the defendant Gore made said writing and authorized ———— to insert the name of the payee therein. Gore rejoined generally, and issue was joined. Williams filed a general plea of *non est factum*, on which there was an issue. Those are all the pleas necessary to be noticed here.

On the trial of the issue, as appears by a bill of exceptions. the proof in relation to those issues was, that this and many other bonds were executed to a company of men; that it was the intention of the company immediately after receiving them to divide them among themselves;

JULY 1828.

Boardman
v.
Gore& Williams.

that the bonds were.all made payable to bearer, and a blank left for the payees name; and in the words of the evidence, "that there was a general understanding, that all the *notes* of the description of the one in question, should be filled up with the name of the person to whom they should be allotted on a division of the notes among the company; which division was made after the signing of the note." At the request of the defendant's counsel, the Court instructed the jury, "that, in considering the issue taken on the plea of the defendant Williams, they should disregard all evidence to shew an authority to insert in said bond after signing and sealing thereof, the name of the payee;" and further, "wholly to disregai d all parol evidence going to shew an authority by said defendant Gore, to insert in said bond, after the same was signed and sealed, the payee's name; and that a payee's name could only legally be so inserted by virtue of an authority for that purpose under seal." On this charge the jury found for the defendants.

The error assigned by the plaintiff was, that the above instructions were erroneous.

COLLIER, for the plaintiff in error, contended that the speciality was valid if the payee's name was inserted afterwards by authority from the obligors; and that it was not necessary the authority should be either in writing or under seal; that it was sufficient if by parol; that in some of the English cases relating to contracts for the purchase of lands by attorney, it is decided on the express words of the English statute of frauds, in some of its provisions, that the attorney must be constituted by writing; but it never was considered that, independently of this special provision, and in cases without the statute, an attorney could not be appointed by parol; nor was it ever required under that statute, that such written authority should be sealed. [a] There is no difference in point of dignity, in this State, between bonds and promissory notes, save only, as it respects the statute of limitations. [b]

BAYLOR, SHORTRIDGE and ELLIS, for the defendants.

JUDGE TAYLOR delivered the opinion of the Court.

THE question we have to decide is, was B. M. Garner authorized to insert his name as payee of this bond, after the division of the bonds among the members of the company?

*a* Cro. Eliz. 627.
4 John 54.
18 John. 499.
9 Cranch 28.
9 Ves. 250. 5 Vin
Ab 524, pl. 45.
5 M. and S. 223.
6 Mass. 519.
5 Mass. 538.
1 Hen & Mun.
391. 2 Stark.480.
*b* Laws of Ala. p.
462. § 4.

JULY 1828.

Boardman
v.
Gore & Williams.

It is not proved, but we are bound to presume, that Garner was one of the company among whom the instruments, of which the bond in question was one, was to be divided.

It has been insisted in argument, that no agreement on the part of the obligors, that the names of the obligees should be inserted, can be inferred from the testimony; that it is only proved, such an understanding existed among the *members of the company*: and even if such an alteration could have been legally made with the consent of the obligors after the instrument was signed and sealed, which is denied, yet no such consent appears. I am of a different opinion. It does appear to me that the only idea which will strike the mind from the evidence, is, that the space for the insertion of the name of the obligee, was left blank, with the express understanding and agreement of the obligors that such space should be filled up by the person to whom, in the contemplated division by the company, this bond should be allotted.

Does the alteration, then, which was made in this bond, by virtue of the previous agreement between the parties, render it void? The ancient doctrine seems to have forbidden any change in a bond after it was executed, even with the express consent of all the parties: but no modern cases, it is believed, can be found to support it; on the contrary, it is overruled in England. [a] In the United States, almost every decision has sustained bonds which have been thus altered, and it has uniformly, so far as my examination has extended, (and no case is produced to the contrary,) been held, that the agreement might be by parol. [b] It is even held that such consent may be *implied* from the nature of the alteration. Now it is difficult to conceive a case in which the implication would be stronger than in the present, were there no evidence to the fact.

[a] See 1st Anstrathin 223, and other cases cited in 2nd Starkie 480, note 1.

[b] See the author and page last cited.

It may, indeed, be well doubted whether the alteration was at all material. The bond was made payable to bearer, and it is by no means certain it is any more obligatory upon the obligors with, than without the name of an obligee.

But it is urged, that the evidence was calculated to take Williams by surprize; that he had no notice from the pleadings, of the manner in which the plaintiff intended to sustain the action. This objection comes from him with an ill grace. He filed the general plea of *non est*

JULY 1828.

Boardman
v.
Gore& Williams.

*factum;* to sustain that plea, he proves that no payee's name was inserted at the time he executed the instrument. Has not the plaintiff, who is an assignee, much more right to say that he is surprized by the nature of the defence? While he is preparing himself to prove that the defendant did sign, seal, and deliver the bond, all his evidence procured with so much trouble, is rendered useless by an objection he did not anticipate. It is believed that the evidence of the plaintiff grew out of that of the defendant, and that it should have gone to the jury in the state of the pleadings.

It is, therefore, the opinion of this Court, that the Circuit Court erred in the instructions given to the jury, that under the plea of *non est factum* filed by the defendant Williams, the evidence that the defendant agreed that the name of the obligee should be inserted after he had signed and sealed the bond, should have had its full effect with the jury, if believed by them, to prove the bond to be the deed of Williams. It is also our opinion, that a parol agreement by Gore, that the obligees name should be inserted, was as competent to prove that fact, as his agreement under seal could be.

Judgement reversed and cause remanded.

The CHIEF JUSTICE and JUDGE PERRY not sitting.