Burnside v. Wayman.

JOHN BURNSIDE, Respondent, v. JOHN WAYMAN, Appellant.

1. *Deed of trust — Name of trustee may be supplied by a court of equity.*— Where the name of the trustee in a deed of trust was omitted in making out the deed, but the grantor gave the *cestui que trust* verbal authority to fill up the blank with the name of some suitable person, a court of equity has the power to reform the instrument and supply the name of the trustee.

2. *Practice, civil — Counts — Misjoinder.* — A petition containing a count praying for equitable relief, and another separately stated asking for the foreclosure of a mortgage, is not bad for misjoinder.

*Appeal from Buchanan Circuit Court.*

*Wm. H. Sherman*, for appellant.

*Thomas & Ramey*, and *Ben. Loan*, for respondent.

WAGNER, Judge, delivered the opinion of the court.

The court overruled a demurrer to the plaintiff's petition, and gave the defendant time to answer, but no answer was filed, and in default thereof judgment was rendered. Afterward defendant filed a motion in arrest of judgment, on account of the insufficiency of the petition, which motion was overruled and the defendant appealed, and the action of the court in overruling the motion in arrest is the only question before this court.

The petition contained four counts.  The first count sought equitable relief, and prayed for a remedy on account of a defect in a deed of trust.  It seems when the trust deed was made no trustee was selected, but a blank was left in which to insert the name of some suitable person, and the grantor gave the *cestui que trust* authority to appoint a trustee and fill up the blank.  The *cestui que trust* neglected to make any appointment and assigned the note and deed to the plaintiff.  The object, therefore, of the plaintiff was to have the deed treated as a mortgage, and the property subjected to the payment of the debt.  The second count was for the foreclosure of a mortgage which plaintiff held on the same piece of property; and the third and fourth counts were to recover for certain charges which plaintiff had been compelled to pay, which were liens on the property, for the purpose of protecting his title.

It is contended that no recovery could be had or relief granted on the first count because no grantee was named in the deed of trust, and that in consequence thereof the instrument was void and no title was conveyed.  But I think otherwise.  Whatever may have been determined in some of the old books, the better doctrine is against such a position.

In a recent case in the Supreme Court of the United States (Drury v. Foster, 2 Wall. 24) it was adjudged that a paper executed under seal for the husband's benefit, by husband and wife, acknowledged in separate form by the wife and meant to be a mortgage for her separate lands, but with blank left for the insertion of the mortgagee's name and the sum borrowed, and to be filled up by the husband, was no deed as respected the wife, when afterward filled up by the husband and given to a lender of money.  But the judgment was placed upon the ground that the wife was disabled from delegating a power, either in writing or by parol, to fill up the blanks and deliver the mortgage, and on the further ground that the acknowledgment of the deed did not come within the requisitions of the statute governing the case.  But on the point we are now considering the court say: "We agree, if she was competent to convey her real estate by signing and acknowledging the deed in blank and delivering the same to

an agent, with an implied and express authority to fill up the blank and perfect the conveyance, that its validity could not well be controverted. Although it was at one time doubted whether a parol authority was adequate to authorize an alteration or addition to a sealed instrument, the better opinion at this day is that the power is sufficient. But there can be no doubt about the power of a court of equity to reform and give vitality to a deed thus defectively executed, and that power will be freely exercised in furtherance of justice."

.It is further urged that there is a misjoinder because the other counts are in the nature of proceedings at law, and could not properly be joined with a count in equity. An examination of the record shows that each cause of action was separately stated in the petition and an appropriate judgment asked in each case. The statute permits the joining of separate causes of action, whether legal or equitable, or both, in the same petition, where they arise out of the same transaction, or transactions connected with the same subject-matter. But where different causes are thus joined they must affect all the parties to the action and be separately stated, with the relief sought in each cause of action, in such manner that they may be intelligibly distinguished. (Wagn. Stat. 1012, § 2.) The reason for the distinction and separation of the causes is that the proceeding in law and equity is different. In the one case the party is entitled to a jury; in the other the trial is before the court.

In the present case there is nothing to show that the defendant was denied any right to which he was properly entitled. The judgment is in all respects regular, and no objections were made or exceptions taken during the course of the trial. There was no misjoinder, nor any such defect in the petition as would justify us in arresting the judgment by a reversal. The objections are all technical; there is no pretense that the plaintiff has obtained more than what is honestly due him, or that the defendant has suffered any injury. The record manifestly discloses that the judgment is for the right party, and it must be affirmed. Judge Bliss concurs. Judge Adams absent.