Field v. Stagg.

WILLIAM S. FIELD, Respondent, *vs.* HENRY STAGG, Appellant.

1. *Conveyances—Deed executed without the grantee being named—Parol authority to fill in name of grantee—Validity.*—A deed regularly executed in other respects, with a blank left therein for the name of the grantee, and placed in that condition in the hands of a third person with verbal authority, but no authority under seal from the person who executed it, to fill up the blank in his absence and deliver the deed to the person whose name is inserted as grantee, when so filled out and delivered is a valid deed.

*Appeal from St. Louis Circuit Court.*

*P. E. Bland,* for Appellant.

I. The central question in this case is, where a deed of conveyance is executed in blank as to the grantee, and then delivered in that condition to a third person, and without authority under seal from him who executed it, and in his absence such third person fills the blank and delivers the deed : —Whether such deed with its covenants is valid or void.

In this State the question is *res integra*—The court in passing on it will neither be enlightened nor embarrassed by any former adjudications of this court, and therefore free to follow the rule of the common law, in the light of reason and authority.

The broad and well defined distinction, taken at common law, between deeds and other instruments of writing, will not be questioned by any one. Out of this distinction comes the rule at common law, which it is apprehended no one questions, that he who executes, or makes a deed for another, must be authorized thereto by deed.

If then the filling of the blank in this deed was in its nature, essence and effect, the making of a deed for the plaintiff, it clearly comes within the rule above stated, and in order to render the deed, thus filled in, valid, it must have been authorized under seal.

The proposition appears obvious to the reason on its naked statement, that where the blank to be filled is of a nature so material, that, while it remains, the instrument is no deed, and can have no legal effect, the filling in of such blank, by what-

ever hand, over the signature and seal of the grantor (in conveyances) or obligor (in bonds) is essentially the making of the deed:—because it is the act which completes and gives it legal operation; for, without that, nothing passes by the instrument—no one is bound by it.

The principle is, that one person cannot bind another person, by deed in his name, without authority under seal to do so. No one will deny, that a deed of conveyance without any grantee is utterly inoperative and void—is no deed. How then is it possible to deny, that the act of inserting a grantee in such a deed, after its execution, in the absence of the grantor, is essentially, in its very nature, *the act of making the deed, since it adds that, without which it was no deed.* This addition may be made by the party who executed the deed, before its delivery by him, because his delivery was the completion of his acts touching the instrument, and the same power resides in him to make the addition, as to sign and seal—it is his act. If then the filling of the blank by the grantor, after the execution of the instrument, with the name of the grantee, is in such case the essential act in making the deed, and therefore *makes* the deed, is it less true that the same act (when duly authorized) *equally makes the deed,* if done by a third person or attorney?

The whole question resolves itself back, then, to this proposition, that he who fills a blank for grantee, left in a deed of another, so as to make it the valid deed of that other, in his absence, must be empowered by deed so to do. Without such power, the deed so filled up and delivered is utterly void. Viewing the question in the light of principle, there can be no doubt or difficulty in arriving at these conclusions.

But we appeal not less confidently to authority. (Hibblewhite vs. McMorine, 6 M. & W., 213–214; 1 Greenl. on Ev., § 568 *a.*; Note *m*, 1, Sharswood's Ed. of Starkie on Ev., p. 456.)

Judge Parsons gives his sanction to the rule, where he says: "If there be blanks left in a deed affecting the meaning and operation in a material way, and they are filled up after exe-

cution, there should be a re-execution, and a new acknowledg-
ment. (2 Par. on Cont., pp. 723-4; Smith on Contracts, Am.
Ed., p. 56, note 1; Cross & Bizzell vs. State Bank, 5 Pike,
531; Gilbert vs. Anthony, 1 Yer., 69; Wynn *et al.* vs. The
Governor, *Ib.* 149; Lockhart vs. Roberts, 3 Bibb., 361; Bank
of Limestone vs. Penick, 5 Monroe, 25; Harrison vs. Tier-
nan, 4 Rand., 179; Byers vs. McClannahan, 6 Gill. & John,
253-4; Perminter vs. McDaniel, 2 Hill, 267; Davenport vs.
Slight, 1 Dev. & Bat., 381; McKee vs. Hicks, 2 Dev., 379;
Ayres vs. Harness, 1 Ohio, 173; Pigot's case, 11 Conn., 27;
Starr vs. Lyon, 5 Conn., 540.)

II. The deed as appears upon its face was not only execu-
ted by signing and sealing, but was also duly acknowledged
before the proper officer, and such acknowledgment certified
thereon. And the petition shows that it was so executed and
acknowledged in blank; for it never returned to the parties
executing and acknowledging it, after its delivery in blank to
Mr Stagg.

The deed was therefore void, not only because of the mat-
ters above considered, but was void because of the alteration
made therein after the acknowledgment.

*R. E. Rombauer*, for Respondent.

This deed was perfect and complete before *its delivery* by
Stagg, the plaintiff's agent, to Boyce, and if a perfect deed
before delivery, even if not perfect before execution, it is suf-
ficient on reason, and sufficient according to the best reasoned
authorities. (Duncan vs. Hodges, 4 McCord, South C., 239;
Inhabitants South Berwick vs. Huntress, 53 Me., 90; McDon-
ald *et al.* vs. Eggleston, Barker & Co., 26 Vt., 161, 162; Speake
*et al.* vs. United States, 9 Cranch., 28; Smith vs. Crookes *et
al.* 5 Mass., 538.)

In Drury vs. Foster, 2 Wall. U. S., 33—where a deed exe-
cuted by a married woman in blank, and subsequently fraudu-
lently filled up by her husband, was held void,—Judge Nel-
son in delivering the unanimous opinion of the court says,
that, "although it was at one time doubted whether a parol

authority was adequate to authorize an alteration or addition to a sealed instrument, the better opinion at this day is that the power is sufficient."

The cases which hold a different doctrine will, upon examination, be found to be cases where the alteration was either made after delivery, as the case of Hibblewhite vs. McMorine, 6 Mees & W., 200, and cases cited in note *e.* pp. 215, 216— or cases where the blank was fraudulently filled up contrary to the intention of the grantor.

VORIES, Judge, delivered the opinion of the court.

The plaintiff was the owner of certain lots in the City of St. Louis, upon which there existed certain mortgages or deeds of trust given by plaintiff to secure the aggregate sum of over three thousand dollars. The petition in this action charges, that plaintiff contracted with defendant to sell defendant said land or lots, and to convey the same to him in consideration of an amount named and in further consideration that defendant assumed to pay and discharge the incumbrances on said lots. That after the agreements were so made, and the consideration, other than the payment of the incumbrances on the lots, paid by defendant, the defendant drew up a deed for said property containing the agreement as to the discharge of the incumbrance as aforesaid, but that in said deed the name of grantee was left blank ; that defendant requested the plaintiff to execute said deed with the blank therein as aforesaid ; that the plaintiff consented to so execute said deed, provided the defendant would agree to fill the blank with the name of a solvent and responsible purchaser. That the defendant so promised, and that plaintiff then executed said deed and delivered it to defendant. That defendant, in violation of his agreement, without the knowledge or consent of plaintiff, filled said blank with the name of one Peter Boyce of Arkansas, who was unknown to plaintiff, and utterly insolvent then and has been ever since ; that neither said Boyce nor defendant has ever discharged or paid off any of the incumbrances aforesaid, but suffered said lots to be sold under and by virtue of the same, for a sum insufficient to pay the same, by means of

which plaintiff was compelled to and did pay off, as the remainder of said incumbrances, the sum of $863, for which plaintiff prayed judgment.

The defendant in his answer denied the facts of the petition and charged that he had sold the lot as the agent of plaintiff, and that plaintiff knew that the deed was to be filled up with the name of Boyce, and that he was as well acquainted with Boyce as defendant was, and consented to have the blank filled with his name.

A jury was waived and the cause submitted to the Court for hearing. Each party introduced evidence tending to prove the issues on his respective part. The defendant objected to the evidence of plaintiff in reference to the deed having been executed in blank, and also objected to the deed as evidence, on the ground that a deed executed in blank as to the name of the grantee and filled up by verbal authority, was absolutely void. The Court overruled the objection and the defendant excepted.

At the close of the evidence the Court at the instance of the plaintiff declared the law to be as follows:

"If the Court sitting as a Jury, believe and find from the evidence that the plaintiff executed a deed for the premises in the petition described, leaving the name of the grantee blank; that such deed contained covenants on the part of the grantee, as part of the purchase money, to discharge certain incumbrances for which the plaintiff was personally liable; that the defendant expressly promised to plaintiff to fill the blank with the name of a solvent person before delivery, and thereafter filled said blank with the name of an insolvent person and delivered it as the deed of plaintiff, in consequence whereof the plaintiff was damaged, then the plaintiff is entitled to recover in his action, and it is immaterial whether defendant did or did not know the insolvency of such person, if he could have ascertained the same by exercise of reasonable care and diligence."

The Court declared the law at the request of the defendant that "If the deed from the plaintiff to Boyce was a valid deed

and its covenants binding upon the grantee therein, and if the defendant filled the blank for the grantee's name at the request of the plaintiff to fill the same with the name of a solvent person and then deliver the deed to that person, yet, the defendant is not liable for any damage resulting to the plaintiff because of the insolvency of the said grantee, if it appear in evidence that the defendant made inquiry and used reasonable diligence to learn the condition of said grantee as to solvency, and had reasonable ground to believe the said grantee to be solvent at the time the said blank was so filled, and the plaintiff cannot recover."

The following declaration of law was refused by the Court and the defendant excepted : "The Court declares the law to be, that if the deed offered in evidence by plaintiff was executed by him in blank as to the grantee; that after its execution ine delivered it to the defendant with instructions to the defendant to fill in the blank with the name of a solvent person and the defendant filled in the name of an insolvent person, and then delivered the deed to that person, the deed was void, and the grantee therein named was not bound by any of its covenants or recitals, and the plaintiff cannot recover, unless it appear from the evidence that the defendant was duly empowered by writing under seal, duly executed according to the requirements of law, to fill said blank."

The defendant also excepted to the opinion of the Court in giving its first declaration of law asked for by the plaintiff.

The Court found the issues for the plaintiff and rendered judgment in his favor for $579.

The defendant in due time filed a motion for a new trial, setting forth as cause therefor the opinions of the Court excepted to. This motion being overruled defendant excepted and appealed to the General Term of the St. Louis Circuit Court, where the judgment of the Special Term was affirmed, from which last judgment he appealed to this Court.

The defendant and appellant raises several objections to the rulings of the Court upon the trial of this cause, and also objects to the sufficiency of the petition filed by the plaintiff in

the cause. But all of these objections resolve themselves into one and the same objection, stated or made in a different form No demurrer was filed in the case but an answer was filed taking issue upon the facts stated in the petition. It is however contended that an objection may be made to the petition, or advantage may be taken of the insufficiency of the petition, by objecting to the evidence in support thereof on the trial. This is very true, that in a proper case where no cause of action is stated in the petition, the defendant may object to any evidence being introduced in the cause on that ground. (Syme vs. St. Bt. Indiana, 28 Mo., 335.) The only ground on which the evidence in this case was objected to, was an objection to the evidence of the plaintiff in reference to the deed having been executed in blank, and defendant also objected to the deed as evidence, on the ground that a deed executed in blank as to the name of the grantee, and filled by verbal authority from the grantee was void; nothing is said in the objection about the insufficiency of the petition. It is true that if such a deed would be absolutely void, the petition would be defective, and hence, I say that the objections and exceptions made and taken in this case, whether as to the admissibility of evidence, or as to giving or refusing of instructions, or to the refusal of the Court to sustain defendant's motion for a new trial, all resolve themselves into one objection which is called by the defendant's attorney, the central question in the cause, and it might have been said the only question in the cause. This question is as to whether a deed regularly executed in other respects, with a blank left therein for the name of a grantee, and placed in that condition in the hands of a third person with verbal authority, (but no authority under seal,) from the person who executed it to fill up the blank in his absence and deliver the deed to the person whose name is inserted as grantee, and when said deed is so filled up and delivered, whether the same is void. If such a deed is held to be valid, then the objections to the petition, to make the most of them, are merely technical, and the petition would be good at least after verdict; but if said deed would be absolutely

void, then objection to the evidence was well taken, and the first instruction was improperly given and the instruction refused was improperly refused, so that, as before said, all of the points made in the case resolve themselves into the one single point.

It is stated by the defendant's counsel, that the authorities in the different States of the Union are conflicting on this subject and not easy to be reconciled, and that the question is a new one in this State.

I will make no attempt at a review of the authorities on this subject. In the case of Drury vs. Foster, 2 Wallace, 24, the question involved in this case was fully argued and examined. In that case, a mortgage had been executed in blank both as to the name of the mortgagee and the consideration, (the mortgage was to convey the separate property of a married woman) which was afterwards filled up in her absence by her husband. This deed was held to be void, but its invalidity was placed on the grounds that the woman "was disabled in law from delegating a person, either in writing or by parol, to fill up the blanks and deliver the mortgage." But Justice Nelson in his opinion says: "We agree that if she was competent to convey her real estate by signing and acknowledging the deed in blank and delivering the same to an agent, with an express or implied authority to fill up the blanks and perfect the conveyance, its validity could not well be controverted. Although it was at one time doubted whether a parol authority was adequate to authorize an alteration or addition to a sealed instrument, the better opinion at this day is that the power is sufficient." In a late case decided by this Court, this language of Justice Nelson is referred to or quoted with approval and fully recognized. (Burnside vs. Wayman, 49 Mo., 356.) So that although the authorities are somewhat conflicting in this country, on this subject, this Court has fully recognized the validity of deeds executed as the one in this case. It follows, that the declarations of law as given by the Court were properly given, and the declaration refused was properly refused.

Judge Sherwood not sitting. The other Judges concurring, the judgment of the Circuit Court at General Term is affirmed.