## A. W. BULKLEY
### v.
## ANNIE DEVINE.

*Sealed Instruments—Parol Authority to Fill Blanks—Agency—Land-lord and Tenant.*

1. Parol authority to fill blanks in a sealed instrument is adequate for that purpose.

2. The insertion in a lease of the number of the house intended to be demised is proper, although by parol authority.

[Opinion filed August 1, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. KIRK HAWES, Judge, presiding.

Messrs. WEIGLEY, BULKLEY & GRAY, for appellant.

The lease was absolutely void for uncertainty. Dingman v. Kelley, 7 Ind. 717; Kea v. Robeson, 5 Ired. Eq. 373; Ingram et al. v. Little, 14 Ga. 182; Habblewhite v. McMorrine, 6 Mees. & W. 200; Jackson v. Titus, 2 Johns. 430; Patterson et al. v. Hubbard, 30 Ill. 201; Carter v. Barnes, 26 Ill. 455; Hughes v. Streeter, 24 Ill. 648; Shackleford v. Bailey, 35 Ill. 387; Taylor's Landlord and Tenant, Sec. 160.

Blanks in a sealed instrument can not be filled in after its delivery by another person except by the grantor himself, under seal. Shep. Touch. 54; Ingram et al. v. Little, 14 Ga. 182; Simms v. Henry, 19 Iowa, 297; Jackson v. Titus, 2 Johns. 430.

Parol evidence is not admissible to change, alter, vary, modify, or supply the defects in a written lease under seal. Jackson v. Goodyear, 12 Johns. 488; Otis v. Sill, 8 Barb. at pg. 122; Hayden v. Westcott, 11 Conn. 129; Dingman v. Kelley, 7 Ind. 717; Chapman v. McGrew, 20 Ill. 101; Loach v. Farnum et al., 90 Ill. 368; Barnett v. Barnes, 73 Ill. 216.

If a person enters under a void lease and pays rent, he is a

tenant at will.    Denn v. Fearnside, 1 Wils. 176; Doe v. Watts, 7 T. R. 83; Huyser v. Chase, 13 Mich. 98.

Messrs. KNICKERBOCKER & HOLDOM, for appellee.

As a matter of law, there has never been any alteration of the lease in the record.    It is admitted that the number of the house rented was 55, and that was the number in the lease. That is the house which the parties contracted for, in pursuance of which appellant entered and occupied for the full term of the lease.    The number was to be inserted when it was known what the number would be.    That was not an alteration within the meaning of the authorities cited by appellant.    When the number was filled in it related back to the time of the signing, and made it a complete instrument. The alteration of a written instrument, in order to affect its validity, must be fraudulent, and made with a fraudulent purpose, to change the terms of the contract.    Such can not be claimed in the case at bar.    Vogle v. Ripper, 34 Ill. 100.

See Parsons on Contracts, Vol. 2, page 720, where it is stated that in this country generally no immaterial alteration would void an instrument, and that an alteration which only does what the law would do—that is, only expresses what the law implies—is not a material alteration, and therefore would not avoid an instrument.    Whether the alteration is material is not a question of fact for the jury, but of law for the court, and the burden of proof of the fact of the alteration rests on the party alleging it.

In Addison on Contracts, Vol. 1, page 553, it is stated that where a house was, by mistake, described as number 38, whereas in fact it was number 35, and the 8 was altered into a 5 whilst the lease was in the plaintiff's hands, it was held that the contract was not avoided by the alteration.    Hutchins v. Scott, 2 Mees. & W. 816.

GARNETT, J.    This action was commenced before a justice of the peace by appellee against appellant, to recover rent for the month of August, 1885, for the house known as No. 55, 32d Street, Chicago.    On appeal to the Superior Court,

Bulkley v. Devine.

there was judgment for appellee for $35, the monthly rental and costs, from which Bulkley prosecutes this appeal. The lease sued on was under seal and in duplicate, and when executed by Bulkley the number of the house (which was then uncompleted) not being known, was not in the lease, nor was there anything therein to identify the premises. But at that time appellant agreed (as found by the court below) that when the number was ascertained it should be inserted in the lease.

The number "55" was afterward inserted in the lessor's duplicate by some person unknown, but it never was inserted in the lessee's, nor was appellant ever informed of the insertion before the suit was commenced.

The evidence showed that No. 55 was the house intended to be devised when the lease was executed, and that appellant took possession of it after the date of the lease (December 19, 1884), and remained in possession until April, 1886, paying rent therefor up to August, 1885.

The point to be decided is whether the insertion by parol authority of the number "55" in the lease made it a complete and binding instrument against appellant.

The better opinion now is that parol authority to fill blanks in a sealed instrument is adequate for that purpose, and when filled according to the agreement, the covenantor is bound to perform his covenant in the contract thus completed. City of Chicago v. Gage, 95 Ill. 593; Inhabitants of South Berwick v. Hunter, 53 Me. 89; Swartz v. Ballou, 47 Iowa, 188; Van Etta v. Evenson, 28 Wis. 33; Drury v. Foster, 2 Wallace, 24; Whitaker v. Miller, 88 Ill. 385; Field v. Stagg, 52 Mo. 534.

Nor does it make any difference that the incomplete instrument is delivered to one person as agent of the maker, and the insertion is made by another who was not expressly authorized to do so by the party to be charged. City of Chicago v. Gage, *supra;* Swartz v. Ballou, *supra.*

As all the propositions of law requested by appellant were either erroneous or inapplicable to the facts of the case, they were properly refused, and there is no error in the record.

The judgment of the court below will be affirmed.

*Judgment affirmed.*