[Filed November 2, 1891.]

## HENRY CRIBBEN ET AL. *v.* C. E. DEAL.

DEEDS— PAROL AUTHORITY TO FILL BLANK.— It is competent for a grantor to execute and acknowledge a deed leaving the name of the grantee blank, and to authorize some one by parol to fill the blank with the name of such grantee as may afterwards be ascertained; and if before delivery of the deed the blank is thus filled by the person so empowered, the deed is valid.

Multnomah county: L. B. STEARNS, Judge.

Plaintiff appeals. Affirmed.

*W. M. Gregory,* for Appellant.

Where an instrument is of no force or effect aside from a statute making it so, the instrument must be executed in accordance with the statute. (*Harty* v. *Ladd,* 3 Or. 353; *Silliman* v. *Cummins,* 13 Ohio, 117.)

The statute requiring assignments to be acknowledged a failure to so acknowledge makes the assignment void

even as to personal property. (*Hardmann* v. *Bowen*, 39 N. Y. 196; *Britton* v. *Lorenz*, 45 N. Y. 54.)

A deed not acknowledged is void. (*Goodykoontz* v. *Olsen*, 54 Iowa, 174.)

Where an acknowledgment is an essential requisite of a conveyance, a deed acknowledged while the name of grantee was blank is of no effect. (*Drury* v. *Foster*, 2 Wall. 24; *Shirley* v. *Burch*, 16 Or. 83; 8 Am. St. Rep. 273; *Preston* v. *Hull*, 22 Gratt. 600; 14 Am. Dec. 153; *Upton* v. *Archer*, 41 Cal. 85; 10 Am. Rep. 266; *Burns* v. *Lynde*, 6 Allen, 305; *Davenport* v. *Sleight*, 2 Dev. & Bat. L. 381; 31 Am. Dec. 420.)

And many of the cases so holding are cases decided on the principle of estoppel against the grantors in such deeds. (*Pence* v. *Arbuckle*, 22 Minn. 417; *Ragsdale* v. *Robinson*, 48 Tex. 397; *Duncan* v. *Hodges*, 4 McCord, 239; 17 Am. Dec. 734.)

*Killin, Starr & Thomas*, for Respondent.

A parol authority to fill blanks in a deed before delivery is sufficient. (*Drury* v. *Foster*, 2 Wall. 24; *Allen* v. *Withrow*, 110 U. S. 119; *Schintz* v. *McManamy*, 33 Wis. 299; *Swartz* v. *Ballou*, 47 Iowa, 188; 29 Am. Rep. 470; *Van Etta* v. *Evenson*, 28 Wis. 33; 9 Am. Rep. 486; *Field* v. *Stagg*, 52 Mo. 534; 14 Am. Rep. 435; *Smith* v. *Crooker*, 5 Mass. 539; *Duncan* v. *Hodges*, 4 McCord, 239; 17 Am. Dec. 734; *Richmond Man. Co.* v. *Davis*, 7 Blackf. 412; *Wooley* v. *Constant*, 4 Johns. 54; 4 Am. Dec. 246.)

LORD, J.—This is a suit in equity brought by the plaintiffs to have a deed of general assignment set aside and declared void and to have the attached property applied in payment of their judgment. The single proposition of law involved is whether the name of the grantee can, by some one authorized upon parol authority of the grantor, be inserted in a blank left in a deed of general assignment, after the deed has been signed, sealed and acknowledged, but before delivery. For the purposes of this case, the facts are these: That the deed of assignment was made on the seventeenth of November, 1888, by C. E. Deal, J. C. O'Reilly, and J. W. Brockett, partners doing business under the firm name of

Deal, O'Reilly & Co., to Thomas Connell for the benefit of creditors; that it was in all things completed and signed and sealed and acknowledged, except that a blank was left for the name of the grantee; that Mr. F. A. E. Starr was authorized to insert as the name of such grantee any person satisfactory to himself and the members of such firm; that on the following day, Mr. Starr, with the consent of the members of such firm, inserted the name of Thomas Connell as assignee in such deed, and the deed was delivered to Thomas Connell, and on the next day was recorded. Upon this state of facts, the contention is, that such deed is void because the name of Thomas Connell was not inserted when the deed was signed and sealed.

It is said in Shepherd's Touchstone, 54, that "every deed well made must be written, *i. e.*, the agreement must all be written before the sealing and delivery of it; for if a man seal and deliver an empty piece of paper, or parchment, albeit he do therewithal give commandment that an obligation or other matter shall be written in it, and this be done accordingly; yet this is no good deed." This is founded upon that ancient and technical rule of the common law, that the authority to make a deed, or to alter, or fill a blank in some substantial part of it, cannot be verbally conferred, but must be created by an instrument of equal dignity. As the deed was under seal, to alter or complete it by the insertion of the name of the grantee, required the authority to be under seal. So firmly rooted was this principle that it mattered not with what solemnities a deed may have been signed and sealed, unless the grantee's name was inserted, and delivery was made by him, or some one legally authorized under seal, it was a nullity. It imposed no liability on the party making it, nor conferred any rights upon the party receiving it; it was in fact no deed. Hence, it was held that parol authority to fill a blank with the name of a grantee could not be conferred without violating established principles of law, and rendering the deed void. This doctrine still prevails in England.

It is true that in the case of *Texira* v. *Evans*, cited in *Master* v. *Miller*, 1 Anstr. 225, Lord Mansfield held otherwise, but this was in effect overruled in *Hibblewhite* v. *McMorine*, 6 M. & W. 200, on the ground that an authority to execute a sealed instrument could not be given by parol, but must be given by deed, although this latter case seems more or less trenched upon by the decision in *Eggleston* v. *Gutteridge*, 11 M. & W. 465, and by *Davison* v. *Cooper*, *Id*. 778, and in *West* v. *Steward*, *Id*. 47. But the rule has never been universally accepted in this country; and however the holding of some courts may be, still the better opinion and the prevailing current of authority is, that when a deed is regularly executed in other respects, with a blank left therein for the name of the grantee, parol authority is sufficient to authorize the insertion of the name of such grantee, and that when so filled out and delivered, it is a valid deed.

It is true that Chief Justice MARSHALL, in *U. S.* v. *Nelson*, 2 Brock. 74, felt bound to follow the ancient rule, but his opinion clearly indicates he felt that the authority to fill a blank in an instrument under seal should be held to be valid. He says: "The case of *Speake* v. *U. S.* 9 Cranch, 28, in determining that parol evidence of such assent may be received, undoubtedly goes far toward deciding it, and it is probable that the same court may completely abolish the distinction in this particular between sealed and unsealed instruments." Again: "If this question depended on those moral rules of action, which in the ordinary course of things are applied by courts to human transactions, there would not be much difficulty in saying that this paper ought to have the effect which the parties at the time of its execution intended it should have." And he concludes with this statement: "I say with much doubt, and with a strong belief that this judgment will be reversed, that the law on the verdict is, in my opinion, with the defendants."

The rule was purely technical, and the outgrowth of a state of affairs and condition of the law which does not

now exist.  The reason of the law is the life of it, and when the reason fails, the law itself should fail.  At the present day the distinction between sealed and unsealed instruments is fast disappearing, and the courts are gradually doing away with them.  As Judge REDFIELD said: "But it (the rule) seems to be rather technical than substantial, and to found itself either on the policy of the stamp duties, or the superior force and sacredness of contracts by deed, both of which have little importance in this country.  And the prevailing current of American authority and the practical instincts and business experience and sense of our people are undoubtedly otherwise." (Redfield Law Railways, Vol. 1, 124.)

In *Drury* v. *Foster,* 2 Wall. 24, the court says: "Although it was at one time doubted whether parol authority was adequate to authorize an alteration or addition to a sealed instrument, the better opinion of this day is that the power is sufficient."  Again in *Allen* v. *Withrow,* 110 U. S. 119, the court says: "It may be and probably is the law in Iowa, as in several states, that the grantors in a deed conveying real property, signed and acknowledged with a blank for the name of a grantee, may authorize another party by parol to fill up the blank."  "But," he continues, "there are two conditions essential to make a deed thus executed in blank operate as a conveyance of the property described in it; the blank must be filled by the party authorized to fill it, and this must be done before or at the time of the delivery of the deed to the grantee named."  In the case at bar these conditions were fulfilled.

In *Inhabitants etc.* v. *Huntress,* 53 Me. 89 ; 87 Am. Dec. 535, the court held that a party executing a deed, bond, or other instrument, and delivering the same to another as his deed, knowing there are blanks in it to be filled necessary to make it a perfect instrument, must be considered as agreeing that the blanks may be thus filled after he has executed it.  In delivering the opinion of the court, KENT, J., said: "The rule invoked is purely technical.  Practically there is no

real distinction in this matter between bonds and simple contracts. There is no more danger of fraud or injury or wrong in allowing insertions in a bond than there is in allowing them in a promissory note or bill of exchange, and in neither can unauthorized alterations be made with impunity. Considering that the assumed difference rests on a mere technical rule of the common law, we do not think that the rule should be extended beyond its necessary limits, viz., that a sealed instrument cannot be executed by another so that its distinguishing characteristic as a sealed instrument is in question unless by an authority under seal." Likewise in the *Bridgeport Bank* v. *N. Y. etc. R. R. Co.* 30 Conn. 274, ELLSWORTH, J., said: "Nor can any reason be assigned which is founded in good sense and is not entirely technical why a blank in an instrument under seal may not be filled up by the party receiving it after it is executed as well as any other contract in writing where the parties have so agreed at the time. In either case the contract, when the blank has been filled, expresses the exact agreement of the parties, and nothing but an extreme technical view, derived from the ancient law of England, can justify the making of any distinctions between them."

It is to be noted that both of these adjudications were by courts of states where seals were not abolished. In *Burnside* v. *Wayman*, 49 Mo. 357, where the name of a grantee in a trust deed was left in blank, WAGNER, J., said: "It is contended that no recovery could be had or relief granted on the first count, because no grantee was named in the deed of trust, and that in consequence thereof the instrument was void and no title conveyed; but we think otherwise. Whatever may have been determined in some of the old books, the better doctrine is against such a position." And subsequently in *Field* v. *Stagg*, 52 Mo. 534; 14 Am. Rep. 435, this doctrine was affirmed in all its breadth, the court saying: "A deed regularly executed in other respects, with a blank left therein for the name of the grantee, and placed in that condition in the hands of a third person with verbal authority, but

no authority under seal from the person who executed it to fill up the blank in his absence, and deliver the deed to the person whose name is inserted as grantee, when so filled out and delivered, is a valid deed." In *Duncan* v. *Hodges*, 4 McCord, *239; 17 Am. Dec. 734, it is held that a deed executed with blanks, and afterwards filled up and delivered by the agent of the party, is good. So in *Van Etta* v. *Evenson*, 28 Wis. 33; 9 Am. Rep. 486, it was held that where a note and mortgage otherwise fully executed, but with a blank in each for the name of the payee and mortgagee, were delivered to an agent who was to procure from whomsoever he could a loan of money thereon for the maker, this shows an intention that the agent should fill the blanks, and when so filled the instruments were valid without a new execution and delivery. And the same doctrine was expressly affirmed in *Schintz* v. *McManamy*, 33 Wis. 301, the court, by LYON, J., saying: "It was doubtless competent for the grantors to authorize Emil by parol to insert the name of the grantee in the deed after they had signed and acknowledged the same." And in *State* v. *Young*, 23 Minn. 551, it was held that authority to fill a blank in a sealed instrument may be given by parol, and that such authority may be either express or implied from circumstances, and that it may be implied from circumstances whenever these fairly considered will justify the inference. So in *Swartz* v. *Ballou,* 47 Iowa, 188; 29 Am. Rep. 470, where the owner of land executed a deed in blank and placed it in the hands of another party under circumstances which raised an implied authority in the latter to insert the name of the grantee, it was held that the insertion of the grantee's name, either by the party receiving the deed or by some one authorized by him, made the instrument perfect as a conveyance.

Without referring to the authorities at greater length there are numerous other cases supporting the same doctrine. ( *Wiley* v. *Moor*, 17 Serg. & R. 438; 17 Am. Dec. 696; *Smith* v. *Crooker*, 5 Mass. 538; *Gibbs* v. *Frost*, 4 Ala. 720; *Wooley* v. *Constant*, 4 Johns. 54; 4 Am. Dec. 246; *Ex parte Decker*, 6 Cow. 60; *Richmond Mfg. Co.* v. *Davis*, 7 Blackf. 412; *Boardman* v. *Gore*, 1

Stew. 517; 18 Am. Dec. 73; *Camden Bank* v. *Hall*, 2 Green (N. J.), 583; *Ragsdale* v. *Robinson*, 48 Tex. 379.) The contrary rule was adopted in *Upton* v. *Archer*, 41 Cal. 85; 10 Am. Rep. 266; *Preston* v. *Hull*, 22 Gratt. 600; 14 Am. Dec. 153; *Ingram* v. *Little*, 14 Ga. 173; 58 Am. Dec. 549.

It seems to us that the weight of authority and better opinion is, that parol authority is sufficient to authorize the filling of a blank by the insertion of the name of the grantee in a deed, after its execution but before delivery as in the case at bar. There is no pretense of any mistake or fraud, or that the blank was not filled as authorized and directed. In a word, that it was filled by a party authorized to fill it, and was done after its execution and before its delivery to the grantee named. Nor is it questioned but what the deed faithfully expresses the intention of the parties, and was duly executed for the purposes specified; and in such case it seems to us complete effect ought to be to that intention, notwithstanding the technical rule of the common law in respect to such instruments. As Mr. Justice SWAYNE said: "If a person competent to convey real estate sign and acknowledge a deed in blank, and deliver the same to an agent with an express or implied authority to fill up the blank and perfect the conveyance, its validity could not be well controverted." (*Drury* v. *Foster, supra.*)

It results that the decree dismissing the bill must be sustained.