N. OTIS, Respondent, v. W. H. BROWNING, Appellant.

Kansas City Court of Appeals, November 5, 1894.

Deceit: DEEDS: GRANTEE BLANK: AGENCY. Although at one time it was doubted whether a parol authority was adequate to authorize a grantee, to whom a deed was delivered in blank, to fill the blank with the grantee's name, the better opinion is that the power is sufficient and the validity of the deed can not be controverted.

*Appeal from the Cedar Circuit Court.*—HON. D. P. STRATTON, Judge.

AFFIRMED.

*James Masters* with *A. W. Sunderland* and *T. J. Armstrong* for appellant.

(1) The evidence in this case shows conclusively that the plaintiff parted with nothing in payment for the box of goods in question. His position or condition not having been changed, he will not be heard to ask for damages, because the box of goods did not meet or reach his expectation. *Bartlett v. Blaine*, 83 Ill. 25; *Medbury v. Watson*, 6 Met. (Mass.) 246; *McMasters v. Geddes*, 19 U. C. Q. B., 216; *Hanson v. Edgerly*, 29 N. H. 357; *Hagee v. Grassman*, 31 Ind. 223; *White v. Wheaton*, 3 Seld. N. Y. 352; *Young v. Hall*, 4 Ga. 95; *Phipps v. Buckman*, 30 Pa. St. 402; *Castleman v. Griffin*, 13 Wis. 535; *Milliken v. Thorndike*, 103 Mass. 385; *Newell v. Horn*, 45 N. H. 422. (2) After the so-called deed was introduced by the defendant all the evidence in the case upon the point of the conveyance by plaintiff to defendant, of lot 12, in block 7, was in and the instructions asked for by the defendant, should have been given and the case dismissed as to the first count. (3) The testimony in this case shows conclusively that the cigars for which defendant received an order, were worth no more than the defendant would have to pay for them at the factory, and the conveyance in evidence conveys nothing to the defendant and shows, if anything, that plaintiff had no title to the lot. See *McQuie et al. v. Peay et al.*, 58 Mo., bottom of page 60; *Arthur v. Weston*, 22 Mo. top of page 380; Sheppard's Touchstone (title "Grant," p. 235, 236, 237,) 4 Kent, Com. [8 Ed.], 513. The grantee's name must appear before delivery. See *Field v. Stag*, 52 Mo. 534.

*R. N. Banister* for respondent.

(1) The deed from Nancy Waugh, which defendant offered in evidence, when delivered by plaintiff to

defendant, with instructions to insert his name as grantee, was, when his name was inserted, or without it, a valid conveyance, and coupled with possession under it, would be so held in a direct proceeding affecting the title. *Field v. Stagg*, 52 Mo. 534; Martin on Conveyances, sec. 21, and cases cited in notes.

GILL, J.—This is an action for damages, based on the alleged fraud and deceit practiced by defendant on the plaintiff in an exchange of property. The nature of plaintiff's complaint will appear from his petition, the substance of which is: "That on the thirtieth day of April, 1892, he, being then and there the owner of lot ——, in block number ——, in Hall's —— addition to Eldorado Springs, Missouri, and also of a certain contract with ———, a firm engaged in the sale of cigars, at Cincinnati, Ohio, by which said firm, upon the payment to them, by plaintiff or his assigns, of the sum of eleven dollars per thousand therefor, upon demand, bound themselves to deliver to plaintiff, or his assigns, upon board the cars at Cincinnati, Ohio, seventeen thousand cigars, exchanged said real estate and a due and proper assignment of said contract to defendant, for a certain stock of goods, wares and merchandise and notions then and there owned by defendant, and contained in boxes at Adrian, Missouri; that pursuant to the terms of said exchange, plaintiff executed and delivered to defendant a warranty deed of said real estate and an assignment of said contract for cigars; that defendant delivered to plaintiff an invoice or schedule of said goods, wares, merchandise and notions, which the defendant then and there represented to contain a true and correct list thereof with the number and amount of items and the value thereof, and promised to deliver the same to plaintiff at Harwood, Missouri, free of cost or expense for transportation to plaintiff; that by the terms of said

exchange, plaintiff was to take said goods, wares, merchandise and notions, in exchange for said real estate and contract at the price and sum of five hundred dollars; that at the time of said exchange defendant represented to plaintiff that said goods, wares, merchandise and notions were in good and merchantable condition, and that the said invoice thereof contained the fair merchantable value thereof; that said goods, wares, merchandise and notions, were packed and stored away, in good condition, in boxes at Adrian, Missouri; that plaintiff, being then and there unable to see and examine said goods, and know of the truth of the character, condition, amount and value of said goods, and by reason of the fact that said goods were packed and stored in boxes and at a great distance from Eldorado Springs, Missouri, where the negotiation of said exchange was being carried on, and relying on the representations of defendant as to the correctness of said invoice or schedule of said goods and as to character, condition, value and merchantable quality thereof, and believing the same to be true and relying thereon, was induced thereby to make said exchange, and to take and receive the same at said price and sum of five hundred dollars.

"Plaintiff states that when said goods were received by plaintiff from defendant, and at the time of said exchange, the same were utterly worthless and of no value whatever; that said boxes of goods did not contain the goods mentioned in said invoice or schedule, but a lot of worthless, damaged and dilapidated stuff of no value whatever; that at the time defendant made said exchange, he well knew that the said invoice or schedule was untrue and false and that the same did not contain a true list of any good sold to plaintiff; and that the goods contained in said boxes were worthless and of no value whatever; that said invoice

or schedule was false and fraudulent and was made by defendant to deceive, cheat and defraud plaintiff.

"Plaintiff states that by reason of the premises, he is damaged in the sum of five hundred dollars, for which he prays judgment."

The answer was a general denial.

The evidence for plaintiff tended to sustain the allegations contained in his petition. There was a trial by jury resulting in a verdict and judgment for plaintiff in the sum of $250, and defendant appealed.

1. Among the errors assigned, we proceed to consider such as deserve attention.

The first and main contention by defendant seems to be that plaintiff parted with nothing of value, and hence was not entitled to a substantial verdict, or to any recovery at all. In this connection it is proper to say, that it appears that plaintiff had possession of the house and lot in Eldorado Springs, and his only evidence of title was a warranty deed from one Waugh. This instrument, though in other respects complete in form and duly executed, was left blank as to the name of the grantee; and in this condition Otis turned it over to Browning, the defendant, leaving the blank yet to be filled.

Now the defendant claims that such an instrument was absolutely void and conveyed no title; that he got nothing by reason thereof, and hence ought not to be charged with anything on that account.

The contention is without merit. Mrs. Waugh gave the deed thus executed into the hands of Otis with authority to fill the blank as to the name of the grantee, and then we may well say, as was said in *Field v. Stagg*, 52 Mo. 541, "that if she was competent to convey her real estate by signing and acknowledging the deed in blank and delivering the same to an agent, with an express or implied authority to fill up the

blanks and perfect the conveyance, its validity could not well be controverted. Although it was at one time doubted whether a parol authority was adequate to authorize such an addition to a sealed instrument, the better opinion at this day is that the power is sufficient." Browning, then, might at any time have called upon Otis to write in the name of the grantee, and the evidence shows that Otis was ready to comply. More, than this, the record shows that the defendant went into the possession of the house and lot and enjoyed the rents and profits; and, besides, Otis, at defendant's request, paid off some back taxes on the property.

In view, then, of these facts, can it be said that Browning got nothing from Otis? Not only did the defendant acquire something of value from the real estate, but the evidence on behalf of the plaintiff tends to prove that in the assignment of the cigar contract some substantial benefits were received. With these suggestions, then, we hold that defendant's points numbered 1, 3 and 7 are not well taken.

The remaining objections, as set out in defendant's brief, are even more untenable. We discover no substantial error in admitting or rejecting evidence; the instructions seem to have been entirely fair to the defendant, and we, therefore, affirm the judgment. All concur.