## THUMMEL, Appellant, v. HOLDEN.

### Division One, May 23, 1899.

1. **Conveyance**: NAME OF GRANTEE OMITTED. When a deed is executed in blank and delivered with the parol authority to fill the blank with the name of any grantee thereafter to be selected the grantee afterwards selected and whose name is inserted in the absence of the grantor takes a good title. But if the authority is to fill the blank with the name of a particular person and the name of some other is inserted the title does not pass as against the particular grantee intended.

2. ――――: ――――: WRONG GRANTEE INSERTED BY MISTAKE. And where parol authority is given to the person to whom the deed is delivered to fill the blank with the name of any person he may select, and he selects one Taylor, and the scrivener by mistake inserts the name of Foster, and as soon as the mistake is discovered by the person to whom the deed was first delivered, he directs the scrivener to erase the name of Foster and insert that of Taylor, the momentary insertion of Foster's name in the deed confers no title on him and detracts nothing from the rights of Taylor, and the erasure of Foster's name and the insertion of Taylor's conveys the grantor's title to Taylor on the delivery of the deed to him.

3. ――――: ――――: ――――: EQUITY: PAYMENT OF MORTGAGE. And where the plaintiff, a subsequent grantee of the same grantor, tries to defeat Taylor's title on the ground that Taylor was not in fact the grantor, the issue is one of law, and the fact that Taylor, in accord-

ance with his covenant, paid a mortgage on the property placed there by the said grantor prior to the execution of the deed to him, gave him no equity against plaintiff, nor did the fact that the deed from said grantor to plaintiff was without consideration and for a fraudulent purpose, but defendant was entitled to a judgment in ejectment.

4. ———: LIBEL ON TITLE. A court of equity has no power to restrain a libel on a title.

*Appeal from St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED (*with directions*).

EBER PEACOCK for appellant.

(1) The writing in of the name of Foster, as grantee, whether by mistake or not, completed the document as a deed. Albright v. Albright, 36 N. W. 254. (2) And the erasure of the one name and the insertion of another rendered the deed void. Evans v. Foreman, 60 Mo. 449; Bank v. Fricke, 75 Mo. 178; Morrison v. Garth, 78 Mo. 434; Bank v. Armstrong, 62 Mo. 66; Miller v. Gilleland, 19 Pa. St. 119; Lammers v. White Sewing Machine Co., 23 Mo. App. 471; Hord v. Taubman, 79 Mo. 101. (3) If a mistake did occur by the insertion of the name of Foster as grantee, no authority existed in Lee S. Holden or George H. Pritchard to alter the deed without the consent of Mrs. M. L. G. Thummel; without such consent resort could only be had to the courts of the land to have the correction made. Evans v. Foreman, 60 Mo. 449; Moore v. Hutchinson, 69 Mo. 429; Bank v. Armstrong, 62 Mo. 68; Bank v. Fricke, 75 Mo. 178. (4) Even if authority had been granted by Mrs. Thummel at the time of the delivery of the deed to Lee S. Holden to fill in the blank then it must have been to so fill in the blank with a grantee understood and intended; and Mrs. Thummel testified that the deed was to be made to Mr. Pritchard for Mr. Harris. Holden said he was Harris' agent, and Pritchard took title for Harris. The deed conveyed the land

subject to the incumbrances which the grantee assumed to pay; here was a positive duty on the part of the grantee to perform, and unless there was a grantee, or the delivery was to an agent authorized by a particular grantee to assume the duty imposed by the covenant, the title never passed. There must be some unequivocal act agreeing to or authority granted, authorizing the assumption to make a valid contract. Ebers & Co. v. Ranken, 102 Mo. 488; Bobb v. Chase, 54 Ia. 253; 3 Wash. Real Prop. (5 Ed.), p. 281. (5) The testimony of L. S. Holden showed that from the time of the delivery of the Mary L. G. Thummel deed to him in April, 1894, it had remained in his possession down to the time when the deed was made by George L. Taylor to Randall L. Holden, the defendant, and which deed was not acknowledged and recorded until October 30, 1894, and that Taylor never had the deed, and as Holden said it was never intended that he should take the title, nor had he paid anything therefor. Hence, there never had been a delivery of the deed to, or acceptance by Taylor, and no title vested in him; and no evidence was produced that James Harris, who was Lee S. Holden's principal, was an assenting party, or had any knowledge of the filling in of either the names of Foster or Taylor in the deed as grantee. 5 Am. and Eng. Ency. of Law, 445; Rogers v. Carey, 47 Mo. 232; Morgan v. Borise, 53 Mo. 219.

JOSEPH T. TATUM for respondent.

(1) It is a settled law in this State that a deed is valid though executed in blank as to the grantee and delivered to a third party with authority to fill in the blank. Field v. Stagg, 52 Mo. 534; Quoting, Drury v. Foster, 2 Wall. 24; Burnside v. Wayman, 49 Mo. 356; Hammerslough v. Cheatham, 84 Mo. 20; Green Co. v. Wilhite, 29 Mo. App. 464; Otis v. Browning, 59 Mo. 330; Kelley v. Thuey, 143 Mo. 422; Bank v. Worthington, 145 Mo. 91. Authority to fill in blanks in an otherwise completed deed may be inferred from

the attendant circumstances.    Hammerslough v. Cheatham, 84 Mo. 20.    (2)    The authority to fill the blank would extend to having the name selected properly written.    No opinion is found that a mere erasure of an error of a scrivener is material, or that the error of a scribe can be held a conclusive expression of intention.    There was no delivery of the deed by the agent, Holden, until the name of Taylor was inserted; deed was then put upon record by his consent and authority.    Holden's authority to fill the blank would certainly include the power to correct a mere clerical error in the execution of the authorized act.    His authority would not be terminated by the error, but would extend to the correcting of the error.    Under the circumstances, the erasure and insertion in lieu are not material.    Mechem on Agency, secs. 282 and 283.    (3)    If by inserting the name of Foster, Holden's power to fill the blank was executed, and he could not correct the mistake, then the title passed to Foster.    This would shut out plaintiff, for the alteration could not reinvest the title in Mrs. Thummel.    The title would be in Foster, notwithstanding the alteration.    Alexander v. Hickox, 34 Mo. 500; Woods v. Hildebrand, 46 Mo. 284; Tibeau v. Tibeau, 10 Mo. 78; 3 Wash. Real Prop. (5 Ed.) 260; 5 Am. and Eng. Ency. of Law, 425.    (4)    By this contention, that writing in the name of Foster completed the deed, plaintiff puts himself out of court; for a plaintiff in ejectment can not recover if title appear in a third person.    Harwood v. Tracy, 118 Mo. 460.    Judgment in ejectment, being no bar to a subsequent suit unless equitable defense be interposed and relied upon, it was proper to ask and have affirmative decree against plaintiff.    Sensenderfer v. Kemp, 83 Mo. 581; Sutton v. Dameron, 100 Mo. 149; City v. Schulenburg, 98 Mo. 616; Bailey v. Winn, 101 Mo. 649.    (5)    If for any reason the deed to Taylor is imperfect to convey the legal title, a court of chancery would regard it as an equitable conveyance and enforce it against any holder of the title Mrs. Thummel had,

such as plaintiff, and vest the perfect title in defendant. Martin v. Nixon, 92 Mo. 34; Pike v. Martindale, 91 Mo. 280; McQuie v. Peay, 58 Mo. 56; Tibeau v. Tibeau, 19 Mo. 81.

BRACE, P. J.—This is an action in ejectment to recover a certain lot in block 2293 in the city of St. Louis, described by metes and bounds in the petition. The petition is in common form. Mary L. G. Thummel, the mother of the plaintiff, is the common source of title. Plaintiff claimed title by a quitclaim deed from her dated October 10, 1894, and recorded October 16, 1894. The defendant claimed title under a warranty deed from her to George L. Taylor dated April 24, 1894, and recorded September 17, 1894, and by deed from said Taylor to himself dated September 12, 1894, and recorded October 30, 1894.

The deed of Mrs. Thummel to Taylor was made "subject to a certain deed of trust to Joseph Dormitzer's trustee of $3,600, together with interest at the rate of six per cent from date hereof, due November 20, 1894; also subject to another deed of trust to the Allemania Building and Loan Association, trustee, dated October 23, 1891, recorded in book 1041, page 406;" and the quitclaim deed of Mrs. Thummel to the plaintiff was also made subject to the same incumbrances and contained this further recital, to wit: "And this conveyance is further made by said grantor with this declaration, that a certain deed purporting to have been executed by said grantor dated April, 1894, to one G. L. Taylor and recorded in book 1230, page 211, of the recorder's office of the city of St. Louis, is absolutely void and of no effect, as this grantor had no transaction with or ever did make or deliver any deed to said Taylor for said property." The deed from Taylor to the defendant was made subject to the same incumbrances.

The answer of defendant admitted possession of the premises, denied the other allegations of the petition, gave a

history of the deeds from Mrs. Thummel to Taylor and the plaintiff; averred that he had paid off and discharged the incumbrances; that the deed from Mrs. Thummel to the plaintiff was without consideration, made for the purpose of defrauding the defendant, and was a cloud upon his title; and prayed that the same be decreed to be void, that the title to the property be vested in him and that plaintiff and those claiming under him be forever enjoined from asserting title and for general relief. Issue upon the new matter set up in the answer was joined by reply. At the trial a jury was waived, and the whole case submitted to the court. The court found the issues on the petition, and on the cross-bill set up in the answer, for the defendant, granted the relief prayed for, and plaintiff appealed.

The undisputed facts disclosed by the evidence are, that in the spring of 1894, one Lee S. Holden was engaged in business as a real estate agent in the city of St. Louis, having in his office a scrivener by the name of Pritchard, in whose name it was his custom to keep the titles of some of his principals. That on the twenty-fourth of April, 1894, a trade between him and Mrs. Thummel having been negotiated by which she was to exchange the lot in question, called the Cook avenue lot, for a lot in Forest Park place, the title to which was in the name of Pritchard, the same was on that day consummated by the execution of two deeds; one by Pritchard conveying the Forest Park place to Mrs. Thummel; the other the deed in question by Mrs. Thummel, conveying the Cook avenue lot, in which the place for the name of the grantee was left blank. Both deeds were acknowledged by the parties before a notary at the same time and place; the deed to the Forest Park place delivered to Mrs. Thummel, and the deed to the Cook avenue lot delivered to the said Lee S. Holden. That Mrs. Thummel, at the time she executed, acknowledged and delivered the deed in question to Lee S. Holden, knew that the place in the deed for the name of the grantee

was left blank, is not disputed, and in connection with these uncontroverted facts the evidence tended to prove and the court found that she delivered the deed to said Holden without condition, and with authority to him to fill in the name of such grantee as he might elect.

The evidence further tended to prove and the court, in substance so found, that afterward, in September, 1894, and before the deed was recorded, Holden handed it, with another deed in the same condition, to Pritchard, with the request that he fill in the blanks with the names of the grantees, at the same time giving him a memorandum of the two names to be filled in, as George L. Taylor for the one, and James A. Foster for the other. Pritchard immediately went to his desk, and filled in the names, but by mistake filled the blank in the deed in question with the name of Foster instead of Taylor as was intended; and upon his handing the deed back to Holden the mistake was at once discovered by him, and by his directions Pritchard immediately corrected the mistake by erasing Foster's name and writing Taylor's name in the blank in place of it. And thus it was that Taylor who then seems to have sustained a like relation to Lee S. Holden as that formerly held by Pritchard, as a depositary of Holden's titles, became grantee in the deed, and subsequently defendant's grantor of the premises, the incumbrances on which were thereafter paid off and discharged by the defendant, as found by the court.

Afterwards Mrs. Thummel, becoming dissatisfied with her bargain, upon hearing that the blank had been filled with Taylor's name, executed the quitclaim deed to her son, the plaintiff, who accepted it with full knowledge of his mother's conveyance to Taylor, as well as the consideration received therefor.

(1) After a careful examination of the record, we find the conclusions of facts by the court well sustained by the evidence, and if this were a plain judgment for the defend-

ant in ejectment, it is evident upon the face of the statement that it ought to be sustained, for it is well settled law in this State that "when a deed is executed and delivered in blank with the parol authority to fill the blank with the name of the grantee, the grantee whose name is afterward inserted takes a good title, and this is true though the blank be filled in the absence of the grantor." [Bank v. Worthington, 145 Mo. 91; Field v. Stagg, 52 Mo. 534; Burnside v. Wayman, 49 Mo. 356; Otis v. Browning, 59 Mo. App. 326.] Of course if the authority given by Mrs. Thummel to Lee S. Holden, had been to fill the blank with the name of any particular person, and he had inserted the name of any other person therein, the title would not have passed to such person as against Mrs. Thummel's intended grantee. But as the authority was given to fill the blank with the name of any person he might select, and the person he selected was George L. Taylor, Taylor became her intended grantee, and the authority was not executed until his name was inserted in the blank.

The momentary insertion of the name of Foster by the scrivener, in the deed, by mistake, being without authority either from Mrs. Thummel or Lee S. Holden, conferred no title upon him, detracted nothing from the rights of Taylor, and the insertion of Taylor's name after the erasure of Foster's, for the first time made the instrument complete, as was intended by the parties, and passed Mrs. Thummel's title to Taylor, on delivery to him, and upon the issue of title the judgment was properly for the defendant. But it is not seen how the decree rendered in the case granting defendant the equitable relief prayed for can be sustained under the pleadings. There was no fact pertinent to the case, alleged in the answer that could not have been given in evidence under the general issue. The issue made by the facts pleaded was purely an issue at law upon the title; each party claiming title under a recorded deed from a common source, Mrs.

Thummel. Her deed to Taylor, under whom the defendant claimed, being the senior, conferred the better title. The plaintiff undertook to defeat it by attempting to show that Taylor was not in fact the grantee in that deed. In this he failed. This was the whole scope of the issue, and a simple judgment in his favor would have covered it. There was no necessity for invoking the power of a court of equity to protect his legal title, apparent upon the face of the deeds themselves and of the record thereof to be superior to that of the plaintiff. The fact that he had discharged the incumbrances subject to which he had taken his deed in accordance with his covenant therein so to do, gave him no equity against the plaintiff, and the allegation thereof in her answer, together with the allegation that plaintiff's deed was made without consideration and for a fraudulent purpose, afforded no grounds for the interposition of those powers.

There was one fact disclosed by the evidence that might perhaps have made some show as a ground for equitable relief, and that was the declaration by Mrs. Thummel in her deed to her son, the plaintiff, that her prior deed to Taylor was void for the reason that she had never made or delivered any deed to him for the property. But as this fact was not mentioned or counted upon in the answer, it affords no support to the decree and we are not called upon to decide whether or not it would have afforded any ground for equitable relief, if it had been pleaded. It may be well, however, to remark, in passing, that as a rule a court of equity has no power to restrain a libel on title. [Flint v. Hutchinson Smoke Burner Co., 110 Mo. 492.]

As the case stands the decree will have to be reversed, and the cause remanded to the circuit court with directions to enter up judgment for the defendant in ejectment.

All concur.