C. J. ANDERSON, *Appellant,* v. T. C. ROBERTS, *Appellee.*

No. 17,336.

SYLLABUS BY THE COURT.

SURVEYING—*Report of Survey—Time of Filing—Appeal.* Under a statute requiring a county surveyor to make a written report of a survey, and file it in his office, and allowing an appeal therefrom to be taken within thirty days from the time the report is filed, such report, as to any person having knowledge of the facts, is deemed to be filed from the time it is completed, dated, certified to be correct and signed by the surveyor, and placed among the reports of a similar nature

in his office, subject to public inspection, although at the request of the attorney for such person he omits at that time to indorse it as filed, and afterwards places an indorsement upon it indicating that it was filed a few days later.

Appeal from Trego district court. Opinion filed December 9, 1911. Affirmed.

*David Ritchie*, and *John A. Nelson*, for the appellant.
*Lee Monroe*, and *W. S. Roark*, for the appellee.

The opinion of the court was delivered by

MASON, J.: On May 10, 1909, C. J. Anderson filed with the county surveyor a notice of his intention to appeal from the report of a survey, and gave a bond, approved by the clerk of the district court, conditioned for the payment of the costs if the report should be affirmed. The district court dismissed the appeal on the ground that it was not taken within the time allowed by the statute, and Anderson appeals from the order of dismissal.

The statute involved reads as follows:

"The surveyor shall proceed to make the survey. . . . He may . . . take the evidence of any witness who may be produced to prove any point material to such survey, which testimony shall be reduced to writing and subscribed and sworn to by the witness, and, together with an accurate plat and field notes of such survey, shall be filed in the office of the county surveyor within thirty days after the completion of such survey." (Laws 1891, ch. 89, § 9, Gen. Stat. 1909, § 2274.)

"Upon the filing of the report of each survey, any person interested in the same can at any time within thirty days thereafter appeal to the district court, by filing with the county surveyor a notice of his intention to appeal, and by giving a bond, to be approved by the clerk of the district court, conditioned for the payment of costs of the appeal if the report of the county surveyor shall be affirmed by the court. Upon the filing of such notice and bond the county surveyor shall certify the appeal to the clerk of the district court, and

shall file with said clerk a certified copy of the report appealed from, including the affidavits, if any, filed therewith." (Laws 1891, ch. 89, § 10, Gen. Stat. 1909, § 2275.)

There was evidence to this effect: The surveyor, on April 9, 1909, wrote out his report of the survey, and attached to it a certificate that it was correct, concluding with these words, preceding his signature: "Witness my hand, this 9th day of April, A. D. 1909, at the said county of Trego, Kansas." He then at once placed the report in his desk among his other reports, where it was, with the others, available to the public for inspection, and where it would necessarily have been found by any one looking for it. One of Anderson's attorneys requested him not to put the file marks upon the report until the 12th. In compliance with that request he omitted to endorse upon the report a notation that it had been filed until April 12, when he took it out, marked it as filed on that date, and replaced it.

If the report is regarded as having been filed on April 9, the appeal was taken too late; if it is regarded as having been filed on April 12, the appeal was taken in time. Ordinarily a paper is properly said to be "filed" in a particular office whenever it is placed there as a part of the records of the office. The endorsement upon the paper of the time of its reception is not, strictly speaking, a part of the operation of filing; it is a mere memorandum serving as evidence of the fact. (*The State v. Heth,* 60 Kan. 560, 57 Pac. 108; 3 Words & Ph. Jud. Def., pp. 2764, 2765, 2768; Note 55, 19 Cyc. 530; Note 1, 13 A. & E. Encycl. of L. 16.)

Where a public officer himself prepares a paper, and then preserves it as a record in his own office, the situation is different from that presented where some one else delivers him a paper for filing. In the former case, as no one but himself would necessarily know the exact facts, the presumption might be stronger that the date

12—86 KAN.

shown by the filing mark was correct.   But in either case the endorsement would only be a matter of evidence. An officer who is required to prepare and to file a paper can not, after its completion, pursue an equivocal course, and thereby cause the question whether at a particular time it had or had not been filed to turn upon his undisclosed mental attitude concerning it.   If everything has been done which is essential to the filing, he has no option to treat it as still unfiled.   Here there was evidence that on the 9th of April the report had been entirely completed; that the surveyor had affixed to it a certificate reciting that on that date he had signed it as a correct report; and that he had then placed it among the other completed reports on file in his office, subject to the inspection of the public.   The trial court was warranted in finding that the report was actually filed on the 9th of April, although the surveyor had omitted to endorse it as filed on that date.   Such omission was merely to make a complete and formal record of an existing fact.

Doubtless any one who has in good faith relied upon the time of filing endorsed upon a paper, by the officer who has prepared it, would be protected against a showing that it had in fact been filed at an earlier date.   But here the trial court has found, upon sufficient evidence, that the appellant was not misled, but knew the actual state of the case.   The fact that a document, certified to as a completed report under the date of April 9, was among the other reports on file in the surveyor's office seems sufficient to have afforded notice of a filing at that time, even although a specific endorsement to that effect was omitted.   But here constructive knowledge need not be relied upon.   The notice of appeal prepared and filed by the appellant, upon which he founds his action, recites that the report appealed from was filed in the office of the county surveyor on April 9.   These circumstances justified the finding that the appellant knew

that the report had been filed on the 9th, and voluntarily delayed taking an appeal until thirty days from that time had expired.

The judgment is affirmed.