WILLIAM MARQUIS, *Appellant*, v. J. C. IRELAND, *as Sheriff, etc., et al., Appellees.*

No. 17,398.

SYLLABUS BY THE COURT.

1. ATTACHMENT BOND — *Injunction — Collateral Attack.* The levy of an attachment is not subject to collateral attack on the ground that the bond bears the signatures only of the plaintiff and a state bank, assuming that the bank's signature is void because of its want of power to assume liability upon such an instrument.

2. TRIAL TO COURT—*Conclusions of Law and Fact.* The fact that in a trial without a jury the court refused to state in writing the conclusions of fact found separately from the conclusions of law, upon seasonable request, is not a ground for the reversal of the judgment, where it is not shown that the refusal resulted in any substantial prejudice to the losing party.

Appeal from Linn district court. Opinion filed February 10, 1912. Affirmed.

*James D. Snoddy,* and *John A. Hall,* for the appellant.

*B. C. Garrison, Charles L. Hunt,* and *Park B. Pulsifer,* for the appellees.

The opinion of the court was delivered by

MASON, J.: The Parlin & Orendorff Plow Company, a corporation, sued B. F. Myers in Ottawa county, and caused an attachment to be issued to Linn county and levied upon land there. Judgment was rendered in favor of the plaintiff, ordering the sale of the attached property. An order of sale was issued to the sheriff of Linn county, who was proceeding to sell the land when William Marquis brought an injunction suit against the sheriff and the plow company to restrain the sale upon the ground that he was the owner of the land and that the attachment proceedings were void. The petition in the injunction action alleged that at the time of the attachment Marquis and Myers owned the land together, in the proportion of 80.58 to 19.42, but that since the levy Marquis had purchased the interest of Myers. An amendment to the petition asked that the court determine the extent of the interest of Marquis in the land. Upon a trial the court found that Marquis was the owner of an undivided interest amounting to 539/1000, and that the plow company had a valid lien under the attachment upon the remaining 461/1000, as the property of Myers. Marquis appeals.

The appellant maintains that the attachment was void upon various grounds, which will be stated and considered. The affidavit was verified by an attorney, without stating why it was not made by an officer or member of the corporation. The statute specifically authorizes it to be made by an attorney of the plaintiff. (Civ. Code, § 191.) Where the plaintiff is a corporation there is no occasion for a further showing as to why the attorney makes it. (*Hornick v. U. P. Railroad Co.,* 85 Kan. 568, 118 Pac. 60.) In the title of the case,

*27—86 KAN.

given as a heading for the affidavit, the name of the county was left blank, but the affidavit was immediately preceded by the words *"State of Kansas, County of Ottawa, ss."* The omission was unimportant.

The obligation assumed by the signers of the bond for attachment was expressed by these words: "We . . . hereby undertake to the said in the sum of Twelve Thousand Dollars, that the plaintiff shall pay the said Benjamin F. Myers all the damages which he . . . may sustain," etc. The appellant contends that the bond does not run to anyone. We think it sufficiently indicates Myers as the obligee. The only signature to the bond, other than that of the plow company, was "The State Bank of Delphos, Delphos, Kansas, by Geo. N. Billings." The argument is made that a state bank has no authority to sign such a bond, that its signature was for that reason a nullity, that the bond was void for want of surety, and that the attachment was void for want of a bond. There are cases holding that under statutes similar to ours the failure to give a bond renders an attachment wholly void. (*Tiffany v. Lord,* 65 N. Y. 310; *Hisler v. Carr,* 34 Cal. 641, 646; *The Louisville, New Albany and Chicago Railway Company v. Lake,* 5 Ind. App. 450, 32 N. E. 590.) But there are also cases holding such omission to be merely an irregularity. (*O'Farrell et al. v. Stockman,* 19 Ohio St. 296; see, also, Note, 35 L. R. A. 778, 779; Note, 9 A. & E. Ann. Cas. 708.) This question need not be here determined. Conceding that the bank was not bound (Note 6, 4 Cyc. 535), and not considering whether the agent who attached the bank's signature rendered himself personally liable (Note 7, 4 Cyc. 535), the bond was not a nullity. The plaintiff in the attachment action by signing the bond assumed an obligation beyond that to which he would otherwise have been subject. (Drake, Attachment, 4th ed., § 114.) Such a bond was not absolutely void (*Ottawa v. Johnson,* 73 Kan. 165, 84 Pac. 749), and therefore

did not expose the subsequent proceedings to a collateral attack.

Complaint is made of the rejection of evidence offered by Marquis on the issue as to the ownership of the land. He offered to testify that he and Myers had an oral agreement that they were to own the land in proportion to their respective investments. The offer at the time was refused, but no prejudice could have resulted, since the matter was fully developed on cross-examination, and the court determined the ownership of the land on this basis. An objection was sustained to his testifying to the consideration for a quit-claim deed given him by Myers after the attachment was levied. If the matter was material it was supplied by his testimony on cross-examination. An action had previously been brought in the name of Marquis and Myers in which the petition alleged that they were equal owners of the land. To prove that he was not responsible for the allegation Marquis wished to show that he had nothing to do with the bringing of the action, by the testimony of the attorney who drew the petition. The evidence was rejected, but the ruling is shown not to have been prejudicial, since the court did not find that the interests of Marquis and Myers in the land were equal.

A final complaint is that the court refused to make written findings of fact and conclusions of law, although requested to do so. The request was not made until after the evidence had been introduced and the arguments upon the merits begun. In *Wilcox v. Byington,* 36 Kan. 212, 12 Pac. 826, it was said that the general rule of practice is for such request to be made either just before or at the close of the argument. It would seem that in fairness to the trial court the request ought to be made before the argument is begun, and indeed before the evidence is introduced, in order that attention may be given to this aspect of the matter as the evidence goes in. However, it is sufficient for

present purposes to say that it does not appear that any substantial prejudice resulted to the appellant from the omission of the court to make more specific findings. The issues presented by the pleadings were whether the attachment was good, and in what proportion Marquis and Myers owned the land. The court found that the attachment was valid and covered an undivided 461/1000 interest in the land. There was no occasion for any further findings concerning the proceedings in the attachment action, as there was no controversy over the facts. The court made an oral statement of the grounds of its decision, resolving a dispute as to the amount of one item in favor of Marquis, giving the value of the land and the amount each had put into it, and apportioning the ownership in accordance with these figures. No request was made for findings upon any specific matters, nor does anything presented on review show what other facts ought to have been found or how the interests of the appellant suffered from the omission to find them. The statute (Civ. Code, § 297) requires a written statement of the conclusions of fact, separate from those of law, to be made upon seasonable request, but a failure to comply with the requirement does not justify a reversal unless it can be seen that the ruling prejudicially affected the substantial rights of the party complaining. (Civ. Code, § 581; *Jones v. Insurance Co.,* 83 Kan. 682, 112 Pac. 826.)

The judgment is affirmed.