No. 18,918.

D. P. SMITH, *Appellee,* v. THE CITY OF WASHINGTON et al., *Appellants.*

HEADNOTE BY THE REPORTER.

1. RULE OF PRACTICE—*Application for Specific Finding of Fact.* A rule that applications for specific findings of fact shall be made before the introduction of evidence is reasonable and may be adhered to by the trial court.

2. INJUNCTION — *Building Sidewalk* — *Disputed Boundary Line.* The location of the boundary line of plaintiff's lot was a question of fact, and the trial court, upon competent evidence, having found in favor of the claim of plaintiff, the judgment will not be disturbed.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed June 6, 1914. Affirmed.

*J. W. Rector,* of Washington, and *Andrew S. Wilson,* of Galena, for the appellants.

*Charles Smith,* of Washington, for the appellee.

*Per Curiam:* This is an action by appellee to enjoin the city of Washington and city officers from building a sidewalk along the west side of lot 19, block 9, in the city, on the line claimed by the city as the west line of the lot. The city was surveyed and platted in 1860, and the corners of the blocks, streets and alleys were marked by wooden stakes, which, by decay or fire, had, at the time of the trial, long since disappeared.

There is evidence, however, that buildings had been erected on the town site prior to the disappearance of the stakes from which by measurement the parties respectively claimed to locate the west line of the lot conceded to be owned by the appellee, who also owns or has owned the two lots on the east. The appellee acquired title to lot 19 in 1876, and to the two adjoining lots, 20 and 21, two years prior thereto. The appellee alleged in her petition that the city was about to construct a cement sidewalk along lot 19, 165 feet long and 4 or 5 feet wide, the eastern line of which would be 12 feet from the western line of the lot.

The appellants, admitting that the proposed line of the sidewalk was as alleged by appellee, claimed that it was in line with sidewalks and street crossings to be constructed along the other lots and blocks of the street, along which appellee's lot extended, and was upon the correct line of the street; also that appellee is estopped from claiming any estate in the land upon which it is proposed to build the sidewalk, as against the city, for the reason that the appellee and her agents by their acts and conduct have dedicated the strip of land in question for the purpose of a street, and the right to build a sidewalk thereon, which dedication has been accepted by the city and is irrevocable; that the strip of land in question has been used and occupied by the city continuously for more than thirty years; that if the city is forced to place the sidewalk as far west as the appellee claims it should be, it will make

a break or jog in the sidewalk and destroy the beauty and usefulness of the walk and street and cause irreparable injury to the public and property owners of the city. Appellants also deny that the construction of the sidewalk as contemplated would appropriate 12 feet or any other width of the ground along appellee's property. The reply was a general denial to the allegations of the answer.

The case was tried by the court without a jury. Special findings of fact and law were made (not all separately), one of which is that the east line of the sidewalk as proposed to be constructed was 10.1 feet east of the west line of lot 19, and that the construction of the sidewalk at that place would wrongfully appropriate to the use of the city that portion of appellee's lot and permanently deprive her thereof. Judgment was rendered that the appellants be permanently enjoined from the construction of the sidewalk as proposed and for costs. Motion for new trial was overruled and the case appealed.

The location of the west line of the lot in question, according to the original plat of the city, was a question of fact, as was also the question whether the strip along the lot which the city claimed a right to appropriate had been used and occupied by the city with the consent of the owner in the manner and for the length of time alleged by the appellants.

The appellants produced in evidence a deed from the appellee to one Powell, in the year 1901, to a part of lot 21, being the eastern of the three lots owned by the appellee. The description in the deed reads:

"The east 20 feet of lot 21 in block nine (9) in the City of Washington, according to the original plat of the town of Washington. The west line of the property herein conveyed is indicated by an iron rod driven at the southwest corner of said property and one at the northwest corner thereof, and it is agreed between the parties hereto that a line drawn between said two iron rods is the west line of the property herein conveyed."

The deed is evidence of the understanding of the parties thereto, at the time it was made, of the eastern boundary of lot 21, and incidentally of the western boundary of lot 19. The city is in no way interested in or affected by the deed or whether there was 20 feet of lot 21 east of the line fixed by the iron rods. The deed constitutes no estoppel against the appellee. In view of the general uncertainty as to the location of property in the city, it was for the court to give such weight to the evidence in the deed as it considered it entitled to.

Again, it is contended that the court erred in omitting to make separate findings of fact and conclusions of law in accordance with the request of appellants at the close of the evidence. A rule of the court required that such application should be made, if at all, before the introduction of evidence. This is a reasonable rule, and the party who violates it can not predicate error upon the failure of the court to comply with an untimely request. (*Marquis v. Ireland,* 86 Kan. 416, 121 Pac. 486; *Lehnen v. Hines & Co.,* 88 Kan. 58, 127 Pac. 612.)

The ordinance under which the sidewalk was to be built was also produced in evidence. It provides that the sidewalk should be built along the west line of appellee's lot 19, but in no way aids in the determination of such line as established by the original plat of the city. The location of the line was, in a sense, a matter of original investigation in this case, and there is evidence sufficient to sustain the finding of the court therein.

The judgment is affirmed.