No. 22,158.

*In re* Appeal from Survey (C. J. ANDERSON, *Appellant,* v. HUDSON HARLAN, as County Surveyor of Trego County, and IRA BURKE, *Appellees*).

### SYLLABUS BY THE COURT.

1. SURVEY OF LAND—*Government Corners Control.* In making a survey of land, the fact that a county surveyor follows the theory that he is bound by a previous survey of the same land becomes immaterial, if the corners thus located are the government corners.

2. SAME—*Trial to Court—Request for Special Findings of Fact.* At the opening of the trial of an appeal from a report of a surveyor on a survey of land made by him, counsel requested the court to make special findings of fact and conclusions of law, and at the conclusion

of the introduction of evidence repeated the request. On each request the court asked counsel to submit such findings as they desired made, but none were submitted. When the last request was made, the court announced that it would make a general finding approving the survey; but a finding was made on the controlling controverted question of fact, and judgment was rendered accordingly. It does not appear that any pleadings were filed. *Held,* that it was not prejudicial error to refuse to make further findings of fact.

Appeal from Trego district court; JACOB C. RUPPENTHAL, judge. Opinion filed February 7, 1920. Affirmed.

*Herman Long,* of Wa Keeney, for the appellant.

*E. A. Rea,* of Hays, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: C. J. Anderson appeals from a judgment approving a survey of section 27, township 12, range 22 west, in Trego county. The case has been in this court before. (*Anderson v. Roberts,* 86 Kan. 175, 119 Pac. 354; *id.,* 87 Kan. 305, 124 Pac. 167.)

1. Anderson contends that the county surveyor followed an erroneous theory in making the survey. The surveyor considered the corners established by a previous survey as conclusive on him in making the survey from which this appeal is taken. He testified in part as follows:

"When I started out with my survey of section 27 I recognized the previous survey of C. J. Ferris as nearly as I could; in other words I deemed those corners which he had established as conclusive upon me, and I merely sought to fix the corners in the same place that Mr. Ferris did.

"I took the corners that I believed to be undoubted government corners—the northwest corner of 33, the northwest corner of 27 and the northeast corner of 27, but if I hadn't felt bound by the Ferris survey I would not have located the south corner of 27 between 27 and 34 exactly where I did locate them. In other words if I hadn't felt bound by the Ferris survey I would have divided the shortage between sections 27 and 34; I would have made the two equal in length; that would have put the northwest corner of 34 some two chains and a fraction north of where I have it."

The court found—

"That the southwest corner of section 27, township 12, range 22 as located by the survey of Hudson Harlan according to the survey in controversy herein, is located upon the site of the government corner

stone as established by the government surveyor in his survey of said premises, and the court finds that said survey in controversy herein is in all respects a true and correct survey of said premises and the same is hereby approved by the court."

That finding was supported by evidence, but as a recital of that evidence will not be of any substantial benefit, it is omitted. The controversy largely revolved around the location of the southwest corner of section 27. If the point at which the county surveyor located that corner was the government corner, the fact that he felt bound by the previous survey is immaterial. If that was the government corner, it controls and is conclusive. (Gen. Stat. 1915, § 2712.)

2. Anderson's abstract of the evidence contains the following:

"Prior to the submission of any testimony the appellant requested the court to state its findings of fact and conclusions of law separately, to which the court responded:

"In order to do so, it will be necessary for counsel to submit what they want along that line, what they hope for.

"At the conclusion of the testimony the colloquy between court and counsel concerning findings of fact was.resumed as follows:

"By the Court: Counsel know what they want found, probably, and the court hasn't any idea what they want.

"By Mr. Long: The findings that we want would be purely negative.

"By the Court: The court, as announced in the beginning, hasn't any wish or purpose to make a finding except a general one unless there is something submitted as to what is desired. The court doesn't believe that it ought to go over the matter of findings unless counsel indicate what they think might be significant.

"By Mr. Ritchie: I think, your Honor, we made the request and if your Honor thinks findings are unnecessary your Honor can overrule the request.

"By the Court: The court is not overruling the request. The court simply says that if you want any findings you can prepare them so that the court can know what you want to regard as important.

"By Mr. Ritchie: We have specific questions then that we would ask, but it seems to me that in this situation it would be impossible for attorneys to make a finding of fact on any question unless they knew what the court's view was, so we would not get anywhere. Of course, we cannot go into your Honor's mind and delve out what you think. We might believe one person told the truth and your Honor might think he didn't. How can we draw a finding on that for your Honor? It is utterly impossible. We would ask your Honor the question, whether the government corner was located nineteen rods north and ten rods west of where Harlan put his corner, and then you could

say yes or no, but that would not be the purpose of the statute. The only purpose of getting special findings is to get the issues down so that we can measure the findings by the law as you might by taking up the whole record. It is impossible for counsel to do it in a case that is tried by the court.

"By the Court: Unless counsel submits something, the court will just simply make a general finding. Unless counsel submit what they think the court ought to find, and the facts in which they are interested, or what they think are essential in this case, the court doesn't care to go into the matter in detail to make any such findings.

"By Mr. Ritchie: It is up to the court.

"By the Court: The court then will announce its findings generally for the defendants and in support of the survey appealed from, for the appellee."

## Section 297 of the code of civil procedure reads:

"Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it, in which case the court shall state, in writing, the conclusions of fact found, separately from the conclusions of law." (Gen. Stat. 1915, § 7197.)

Under this statute it has been repeatedly held error for the court to refuse to make special findings of fact and conclusions of law on a seasonable request therefor. (*Briggs ·. Eggan,* 17 Kan. 589; *Garner, County Clerk, v. The State, ex. rel.,* 28 Kan. 790, 794; *Shuler v. Lashhorn,* 67 Kan. 694, 74 Pac. 264; *Vickers v. Buck,* 70 Kan. 584, 79 Pac. 160.)

It was said in *Marquis v. Ireland,* 86 Kan. 416, 121 Pac. 486, that—

"The fact that in a trial without a jury the court refused to state in writing the conclusions of fact found separately from the conclusions of law, upon seasonable request, is not a ground for the reversal of the judgment, where it is not shown that the refusal resulted in any substantial prejudice to the losing party." (Syl. ¶ 2.)

In *A. T. & S. F. Rld. Co. v. Ferry,* 28 Kan. 686, this court said:

"Where a case was tried before the court without a jury, and, before any evidence was introduced, the defendant in open court requested the court to state in writing its conclusions of law separately from its conclusions of fact, and also at the conclusion of the evidence renewed such request; 'to which request the court responded that it would pass and find upon any findings of fact which the counsel for the defendant might prepare and submit to it, but that it would not take the time from the business of the court to perform the clerical labor of drawing up questions to be answered. Thereupon the counsel for the defendant stated that they would not prepare or submit any findings of fact to the court

for it to pass or find upon, but that they demanded of the court that it should state in writing its conclusions of fact separately from its conclusions of law, which request the court refused to comply with'; and the court found generally in favor of the plaintiff and against the defendant, and rendered judgment accordingly. *Held,* That the court erred in refusing the defendant's request to state in writing its conclusions of law separately from its conclusions of fact." (Syl.)

And again:

"It would often, of course, be very convenient to have the desired or anticipated conclusions of fact prepared for the court and submitted to it; but the statute does not seem to contemplate the necessity for any such thing. Besides, the facts upon which the court is to decide are always presented to the court in writing by the pleadings in the case, and it may generally be presumed that the facts are as well stated in the pleadings as they could be stated anywhere else; and, if so, it would hardly seem necessary to require the parties, or either of them, to restate the facts of their case when the case is finally submitted to the court for its final conclusions upon the pleadings and the evidence. Every pleading which states new matter should contain 'a statement of the facts constituting the cause of action [or defense] in ordinary and concise language, and without repetition.' Every other pleading amounts to nothing more than a mere denial of the facts previously set forth in the pleadings alleging new matter. The facts set forth and alleged in one pleading and denied by another, or considered denied (as is the case with reference to facts set forth and alleged in the reply), are the facts with reference to which the court should make its findings or conclusions of fact. These facts are often called the issuable facts, and the court should make special findings or conclusions with reference to them whenever either party so requests, and without either party being under the necessity of restating the facts, or stating them again in any other paper than in the pleadings. The fact that all the issuable facts—the facts upon which it is desired that the court shall make findings or conclusions—are once stated in the pleadings renders it wholly unnecessary that such facts should be restated by the parties in some other paper." (p. 688.)

In the present case there does not appear to have been any pleadings; the only papers required to be filed in the district court were a certified copy of the report appealed from and any affidavits that had been filed by the surveyor. (Gen. Stat. 1915, § 2716.) Although the court announced that he would not make special findings of fact, but would make a general finding in favor of the survey appealed from, yet a special finding of fact is found in the judgment. The finding on that fact compelled the court to render judgment approving the survey. It was error to refuse to make special findings of fact, but on account of the special finding found in the judgment, that error cannot be said to have been prejudicial.

Further argument is made by Anderson, but the propositions presented are embraced in his contention that the county surveyor erroneously proceeded on the theory that the previous survey was conclusive. While that theory may have been erroneous (*In re Martin's Appeal,* 86 Kan. 336, 120 Pac. 545), yet if in following it the surveyor located the disputed corner on the government corner, the theory followed becomes immaterial.

The judgment is affirmed.

DAWSON, J. (dissenting) : I am unable to distinguish this case in principle from *A. T. & S. F. Rld. Co. v. Ferry,* supra, and many succeeding cases down to *Nordman v. Johnson,* 94 Kan. 409, 420-422, 146 Pac. 1125. I therefore dissent.

WEST, J. (dissenting) : The statute says that "the court shall state, in writing, the conclusions of fact found, separately from the conclusions of law." If the legislature meant that the court can shirk its duty by imposing it on counsel, it had the ability to say so. This court said, in *A. T. & S. F. Rld. Co. v. Ferry,* 28 Kan. 686: "It would often, of course, be very convenient to have the desired or anticipated conclusions of fact prepared for the court and submitted to it; but the statute does not seem to contemplate the necessity of any such thing." (p. 688.) We have not been vested with jurisdiction to amend this statute. During the five years of the writer's experience as a trial judge it was at all times assumed that this duty, pointed out by the statute, was to be performed by the court whether or not counsel saw fit to formulate findings. The judge who has heard a trial through can often more easily dictate to his stenographer a few concise findings than he can go through a wilderness of contradictory ones submitted by opposing counsel. But be that as it may, he should state the conclusions of fact found, for thus the law is written. Under the peculiar circumstances shown by the record, the failure to make findings was, in my opinion, material error.

"Such a statute is imperative, and the court's failure to comply with it is ground for reversal, where proper exception has been reserved thereto, in some jurisdictions, and findings have not been waived, or is ground for setting aside the judgment by the trial court upon its attention being called thereto, unless the failure to make findings or respond to the request was nonprejudicial, as the judgment would not have any foundation." (8 Standard Proc. 995.)