No. 23,865.

LAURA PHILLIPS et al., *Appellants,* v. O. D. OKEY, *Appellee.*

SYLLABUS BY THE COURT.

1. COMPENSATION ACT—*Death of Workman—Cause of Death Not Proven.* In an action for compensation for the death of an employee on the ground that his injury and consequent death were caused by breathing bad air in his employer's mine, when the state of the evidence was such that the trial court was constrained to find that there was "not sufficient evidence to show that the death [of the workman] was caused by, or contributed to, by the breathing of the bad air," and when the evidence was uncertain as to what did cause the workman's death, there was no error in the trial court's refusal to make a finding thereon.

2. SAME—*Findings of Fact—In Harmony with Evidence.* The findings of fact were in harmony with the evidence to which the trial court gave credence,

and they were sufficiently pertinent and comprehensive to satisfy the man-
date of the civil code, section 297.

3. SAME—*Findings of Facts—Discretion of Court.* In making findings of fact
as required by the civil code, section 297, the trial court is not bound to
adopt and follow a categorical outline of questions of fact submitted by the
litigants or either of them.

Appeal from Cherokee district court; FRANK W. Boss, judge. Opinion
filed July 8, 1922. Affirmed.

*C. B. Skidmore,* and *A. A. Skidmore,* both of Columbus, for the appellants.

*Al. F. Williams, Don H. Elleman,* both of Columbus, and *G. W. Earnshaw,*
of Joplin, Mo., for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action for an allowance under the
workmen's compensation act.

The plaintiffs are the wife and children of the late John Henry
Phillips who in his lifetime had been a miner and employed by the
defendant for a short time during the year 1920. On August 8,
the air compressor in defendant's mine became defective, and the
air became so foul that Phillips and his fellow miners had to be
taken out of the mine twice during the day. Some of the workmen,
including Phillips, were somewhat affected, temporarily at least, by
the bad air. That night the defendant was ill at his home. About
ten days later, a doctor was called, and he found that Phillips "was
suffering pain and had a chill and some fever." The doctor said he
"could not ascertain the cause of his illness  .  .  .  It might pos-
sibly be the bad air he had breathed in the mine  .  .  .  he spit
up substances  .  .  .  in a smoky condition  .  .  .  attended
Phillips about six times.  .  .  .  An abscess formed and after-
wards broke in the chest.  .  .  .  He reported to the state board
of health as abscess on the lungs  .  .  .  could not say what
caused his death. It was due to formed abscess." Phillips died on
September 15, 1920.

The counter-abstract supplies the attending physician's testimony
in greater detail:

"Q. I wish you would state his condition a little more fully. Did he spit
up anything? A. The first trip I made to the man, he did not, but the second
trip, this abscess had broken and he was spitting up this matter.

"Q. Now, Doctor, was you able to ascertain the cause of this illness? A.
No.  .  .  .

"Q. You say that an abscess formed and afterwards broke in his chest? A. Yes, sir. . . .

"Q. Is that your judgment as to what caused his death? A. I could not say what caused his death. It was due from the abscess that caused his death. . . .

"By the Court: Doctor Jones, have you a judgment as to how long that abscess was there? A. I have not, no sir. I have no history of it and no way of diagnosing that."

There was considerable evidence introduced on both sides, from which the trial court might possibly have found either way as to the main issue of fact; but among the findings which the trial court did make are these:

"3. The court further finds that there is not sufficient evidence to show that the death of said John Henry Phillips was caused by, or contributed to, by the breathing of the bad air on August 8, 1920. . . .

"6. That no notice of the alleged injury was ever given defendant, nor was any claim for compensation made upon the defendant until the service of summons in this action which was on the 12th day of November, 1920."

Judgment for defendant was rendered pursuant thereto, and plaintiffs appeal.

They complain of the trial court's refusal to find "what was the cause of the death of John Henry Phillips." But surely that was not error. It was incumbent on the plaintiffs to prove to the satisfaction of the trial court that the death of Phillips flowed from an injury which he had received in the course of his employment in defendant's mine. This they failed to do. The immediate cause of his death was the abscess; but the doctor who attended him could not tell what caused the abscess; and neither he nor either of the other two medical experts called as witnesses would concede more than a possibility that the bad air Phillips had inhaled on August 8 had caused the abscess, although two of them testified that it might possibly have aggravated an existing abscess. Since there was no convincing testimony that the abscess was caused or aggravated by the foul air of the mine, the trial court properly refused to trace Phillips' injury and death to anything arising out of and in the course of his employment. What else may have caused the abscess and consequent death was not a primary concern.

Complaint is also made because the trial court refused to find whether Phillips was made sick by the bad air in the mine and whether he ever recovered from such sickness. This criticism is ill-founded. The trial court did find:

"That some of said men, including Phillips, became affected to some extent on account of said bad air and said Phillips went home about four o'clock that afternoon after being so hoisted from said mine and still felt some effects of said bad air. That on the following day and for some days thereafter, he remained at home and was in bed a part of the time and was up a part of the time and on the 18th day of August a physician was called and on his second visit, probably two or three days later, ascertained that the patient was suffering from an abscess on the lung, which abscess resulted in his death on September 15, 1920."

It was not necessary that the trial court's special findings of fact should follow the categorical outline submitted by counsel for plaintiffs. The court's findings as made fully satisfied the mandate of the civil code. (Civ. Code, § 297; *In re Appeal from Survey,* 106 Kan. 222, 187 Pac. 677; *Alexa v. Alexa,* 108 Kan. 38, 46, 193 Pac. 1083.)

In view of the foregoing, the correctness of the trial court's finding that there was no notice given to the defendant of Phillips' injury and that no claim for compensation had been made becomes immaterial.

The record discloses no prejudicial error and the judgment is affirmed.