THE EXCHANGE NATIONAL BANK OF EL DORADO, KANSAS, v. SAMUEL G. FLEMING *et al.*

No. 12,188.   (65 Pac. 213.)

SYLLABUS BY THE COURT.

CONVEYANCE—*Insertion of Name of Grantee after Execution.* Where the owner of the legal title to real estate executes a deed thereto which is complete in all particulars except that it does not contain the name of a grantee, and delivers the same to the equitable owner of such land with oral directions to insert in such deed the name of any person to whom the latter may sell the land, and thereafter such equitable owner disposes of the land in payment of an antecedent debt, and, without the knowledge of the purchaser, inserts her name in the proper blank as grantee and delivers it to her, it will operate as a valid conveyance of the land, and will be upheld as to the maker and the former equitable owner and his creditors.

Error from Butler district court; C. W. SHINN, judge. Opinion filed June 8, 1901. Division one. Affirmed.

STATEMENT.

THE plaintiff bank brought suit in attachment against Samuel G. Fleming, who in 1894 was its teller and in 1896 its cashier, alleging that while acting in

each capacity he embezzled funds. Judgment was rendered in the sum of $10,000. The land in controversy in this action, a half-section in Butler county, was seized under the writ of attachment issued at the commencement of the action.

The defendant P. C. Capen is the mother-in-law of Fleming, and, upon leave duly granted, she filed an interplea in this action and claimed title to the lands. To the interplea the bank made answer that Capen's claim of title was based upon a conveyance to her by warranty deed from one David G. Pollock, which, the bank asserted, was not valid because her name did not appear in the deed at the time it was executed; that after its execution it was materially altered by some one unknown to the plaintiff, by inserting the name of P. C. Capen as the grantee therein without any right or authority so to do. For reply the interpleader averred that Fleming was her debtor; that she took the lands in payment of the amount due her; that her name as grantee appeared in the deed when she received it from Fleming, who had authority from Pollock to insert the name of any grantee to whom the former might sell the land. It was averred that such authority was both oral and in writing, but on the trial no written authority was shown.

The case was tried before the court, and the evidence showed beyond question that the claims of the bank and of the interpleader against Fleming were meritorious; that Fleming bought the land and took the legal title in the name of Pollock, who executed a deed with the place for the name of the grantee left blank, delivered it to Fleming, and orally authorized the latter to insert the name of any one who should purchase the land from him; that he sold the land to the interpleader at a fair price, taking in payment a

release and cancelation of a debt due her; that the name of the interpleader was inserted before Fleming delivered it to her; that she had no personal knowledge that her name was so inserted after the execution of the deed; that such delivery to Capen took place before the bank brought this action, although the deed was filed for record afterward.

The general finding of the court below was in favor of Capen, who had judgment quieting her title, and the bank brings the case here for review.

*Redden & Kramer*, for plaintiff in error.

*G. P. Aikman*, and *E. N. Smith*, for defendants in error.

The opinion of the court was delivered by

ELLIS, J. : There is but one question in this case. If the oral authority given by Pollock to Fleming to write the name of a grantee in the blank left for that purpose when he should sell the land and the doing of such act by Fleming according to the letter and spirit of the power so conferred rendered such deed operative and valid as to Pollock, the holder of the naked legal title, and as to Fleming, the equitable owner of the land, then title passed to Capen by the delivery of the deed to her.   That an attachment creditor under our statute acquires by his writ no greater right in the property seized than the defendant in the attachment suit had at the time the writ was levied is not open to dispute.   (*N. W. Forwarding Co. v. Mahaffey, Slutz & Co.*, 36 Kan. 155, 12 Pac. 705.)

The fact that Capen paid for the land by releasing a preexisting debt against Fleming does not aid the cause of the bank, for it cannot be doubted that Fleming had a right to prefer his relatives over other cred-

itors, if he did so in good faith. This the counsel for the bank does not deny. We think that at the time of its delivery to the interpleader the deed to her conveyed all the title theretofore held by Pollock and Fleming, and that neither of them could be heard to question its effectiveness. (*Inhabitants of South Berwick v. Huntress*, 53 Me. 89, 87 Am. Dec. 535; *Drury v. Foster*, 2 Wall. [U. S.] 24, 17 L. Ed. 780; *Bridgeport Bank v. N. York & N. Haven R. R. Co.*, 30 Conn. 274; *Swartz v. Ballon*, 47 Iowa, 188, 29 Am. Rep. 470; *State v. Young*, 23 Minn. 551; *Foster v. Moore*, 79 Hun [N. Y.] 472; *Woolley v. Constant*, 4 Johns. [N. Y.] 54, 4 Am. Dec. 246; *Cribben et al. v. Deal*, 21 Ore. 211, 27 Pac. 1046; *McCleary v. Wakefield*, 76 Iowa, 529, 41 N. W. 210, 2 L. R. A. 529; *The State v. Mathews*, 44 Kan. 596, 25 Pac. 36, 10 L. R. A. 308; *Chapman v. Veach*, 32 id. 167, 4 Pac. 100; *Field v. Stagg*, 52 Mo. 534, 14 Am. Rep. 435; *Duncan v. Hodges*, 4 McCord [S. C.] 239, 17 Am. Dec. 734; *Van Etta v. Evenson, impleaded, etc.*, 28 Wis. 33, 9 Am. Rep. 486.)

In this case the deed was complete before execution, except that the name of the grantee was not inserted therein. The question as to whether a deed would be valid if an owner of property should sign and acknowledge a blank form and orally authorize another to fill up all the blanks, and thereby convert a bare and meaningless paper into something purporting to be a conveyance of land, is not before us for adjudication. It is not claimed in this cause that the name of the interpleader was placed in said deed in violation of the desire and command of the grantor, for which reason we are not called upon to determine whether a failure to follow and carry out the will and direction of the maker in that respect would render the writing,

Bank v. Fleming.

when apparently complete and regular, void as an instrument of conveyance.   Inasmuch as when Mrs. Capen received it she had no knowledge that her name had been inserted after it had been signed and acknowledged by Pollock, it is not necessary for us to inquire whether knowledge of such fact would have impaired her rights.

We are clear that under the facts in this case her name was lawfully entered in the proper blank in the deed, and that alone is the proposition here decided. It is urged by counsel for the bank that in the early case of *Ayres v. Probasco*, 14 Kan. 176, this court laid down a rule with which the one here followed conflicts.   It is true that some of the language contained in the majority opinion in that case is contrary to the views herein expressed, but it will be observed that upon rehearing, at page 199, Mr. Justice Valentine, speaking for the majority of the court, said :

"It was not really necessary in this case that we should have decided said *fifth* proposition of the syllabus, and hence what is said therein, and the corresponding portion of the original opinion, may be treated merely as *dictum.*"

The fifth paragraph of the syllabus above referred to contained all of the law laid down in that case which counsel contend is applicable to this.   From that Mr. Justice Brewer dissented, and the other members of the court subsequently characterized the paragraph as *dictum.*   Upon its facts, the case of *Ayers v. Probasco* can be easily distinguished from the one now under consideration.

The other errors complained of are not regarded as of sufficient import to justify a reversal of the case. The judgment of the court below will be affirmed.

JOHNSTON, CUNNINGHAM, GREENE, JJ., concurring.