THE ATCHISON, TOPEKA & SANTA FE RAILWAY
COMPANY v. THOMAS W. LLOYD.

No. 13,215.   (75 Pac. 478.)

SYLLABUS BY THE COURT.

RAILROADS—*Injury to Employee—Defective Apron to a Coal-chute*. In an action to recover damages for injuries sustained by a locomotive fireman by reason of a defective apron to a coal-chute, where there is evidence tending to prove that the apron was out of repair six months before the accident, and evidence on the part of the defendant tending to prove that the chute had been in constant and daily use during this entire period, the court, in applying the rule that a condition or state once shown to exist is presumed to continue until the contrary is shown, should inform the jury that such presumption is one of fact only, and may be rebutted by circumstantial, as well as direct, evidence.

Error from Atchison district court; W. T. BLAND, judge.   Opinion filed February 6, 1904.   Reversed.

*A. A. Hurd*, and *O. J. Wood*, for plaintiff in error.

*Henry Elliston*, and *Waters & Waters*, for defendant in error.

24—68 KAN.

The opinion of the court was delivered by

GREENE, J. : Thomas W. Lloyd sued the Atchison, Topeka & Santa Fe Railway Company to recover damages sustained by him while attempting to use an apron on a coal-chute which was alleged to be either defectively hung or out of repair.

It appears that the plaintiff was a locomotive fireman employed by the defendant; that on the 23d day of November, 1898, while firing on the California limited train it became necessary to take coal; at Thatcher, Colo., there are several coal-chutes situated on a slight up grade, northeast to the southwest, which are numbered from 1 to 6; on the day of the accident the train upon which the plaintiff was firing was going west, and at Thatcher the engineer pulled up to chute No. 2 for the purpose of taking coal, having passed chute No. 1 so that they could slack back to it if they found No. 2 empty : the plaintiff climbed onto the oil-box on the west side of the engine near the cab, and pulled down the apron to chute No. 2; it was discovered that there was no coal in it and plaintiff so advised the engineer; plaintiff then undertook to shove up the apron, and the engineer, supposing he had accomplished it, released the air and the train immediately slacked back; the apron did not respond, and the plaintiff was caught between it and the cab and severely injured. He recovered judgment because of the negligence of defendant in permitting the apron to become and remain out of repair. Defendant prosecutes error.

There are several errors alleged, but upon examination we do not find any of them prejudicial to the defendant, except as hereinafter stated. The court instructed the jury as follows:

"No. 26. You are instructed that a condition or

state when shown to exist is presumed to continue until rebutted by evidence to the contrary.  This presumption will obtain if applicable to the evidence of plaintiff or defendant.   Some evidence has been introduced by the plaintiff tending to show that some of the coal-chutes at Thatcher, Colo., including the one in controversy, were out of order prior to May 22, 1898 ; and the plaintiff claims that such condition continued until the time of the accident to him, and that at such time the said coal-chute was by the negligence of the defendant, or its employees, in a defective condition, and that such negligence contributed directly to produce the alleged injury ; and if you find from the evidence that defendant was guilty of negligence with reference to said coal-chute, as claimed by the plaintiff, and that such negligence, if any, contributed to plaintiff's injury, the plaintiff would be entitled to recover therefor.   On the other hand, evidence has been introduced by the defendant tending to show that subsequent to May 22, 1898, and prior thereto, said coal-chutes, including the one at which the accident occurred, were inspected at different times, and were repaired and in reasonably safe working order, not only prior to May 22, 1898, but also subsequent to that date and up to the time of the injury complained off by the plaintiff ; and if you so find, then the plaintiff cannot recover in this case on the ground of claimed defective coal-chutes ; or, if you find from the evidence that defendant exercised reasonable and ordinary care to inspect said coal-chutes and to repair and keep the same in a reasonably safe condition, then the plaintiff in this case cannot recover."

Objection is urged that the rule that, where the existence at one time of a certain condition or state of things of a continuous nature is shown, the presumption arises that such condition or state continues to exist until the contrary is shown by circumstantial or direct evidence was incorrectly stated, in that it failed to state that such presumption may be rebutted by

circumstantial, as well as direct, evidence. The plaintiff's evidence tended to prove that in May, prior to the injury, the chute was out of repair and dangerous. This was the basis for the application of this rule. Defendant offered evidence tending to prove that this particular chute had been in constant and daily use from that date up to, and including, the day plaintiff received his injury. The length of time from the date plaintiff contends the chute was out of repair and the injury and the constant use of the chute during that time are very strong circumstances tending to prove that the repairs had been made. The court, in stating this rule, should have incorporated into the instruction that such presumption may be rebutted by circumstantial, as well as direct, evidence.

It is very doubtful if the rule, even when properly stated, is applicable in this case. The presumption only applies to conditions once shown to exist which in their nature are continuous. The evidence in this case tended to prove that an attempt to use this appliance when out of repair was dangerous to human life. It also tended to prove that this coal-chute was intended for constant and daily use. Can a defective condition of such a dangerous instrumentality intended for constant and daily use be presumed to be continuous? The natural and almost universal practice is to repair and keep in safe working order such appliances.

The instruction as given does not correctly state the rule, and is misleading and prejudicial to the rights of the defendant in the particulars herein stated.

For this reason the judgment of the court below is reversed, and the cause remanded.

All the Justices concurring.