McClung v. Snook.

---

No. 20,483.

A. H. McClung and C. L. McClung, *Appellants,* v. H. C. Snook et al. (W. R. Honnell et al., *Appellees*).

SYLLABUS BY THE COURT.

Deed—*Name of Grantee Erased and Another Inserted After Execution —Oral Consent of Grantor—Estoppel.* The owners of the legal title to real estate made an agreement to execute and deliver a deed to the purchaser with the name of the grantee left blank, but tendered a deed with the purchaser's name written in as grantee. Upon his objection they authorized his agent to erase the name written in and insert the name of his grantee, which was done. After the purchaser had conveyed the property to innocent purchasers the grantors were estopped to deny the validity of their deed on the ground that the authority of an agent to make a change before delivering it must be in writing.

Appeal from Wyandotte district court, division No. 2; Frank D. Hutchings, judge. Opinion filed December 9, 1916. Affirmed.

*Junius W. Jenkins,* of Kansas City, and *F. A. Witten,* of Kansas City, Mo., for the appellants.

*William B. Sutton,* and *William B. Sutton, jr.,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The action in the court below was to set aside and cancel a deed which the plaintiffs, who are husband and wife, delivered to H. C. Snook, conveying to him a lot in Kansas City in exchange for other property. The plaintiffs claimed that in consideration for the deed Snook agreed to convey to them the title to certain real estate in Oklahoma; that the deed he delivered to them conveyed no title to the Oklahoma land, as he well knew, and that they received no consideration for their deed; that afterwards defendant Honnell filed for record the deed they had executed to Snook, but with Honnell's name written therein as grantee instead of the name of Snook, and that subsequently Honnell conveyed the property described therein to the other defendants. Plaintiffs offered to quitclaim to Snook any interest they might have acquired in the Oklahoma land and asked for cancellation of their deed on the ground of fraud.

Defendant Honnell filed a separate answer containing a general denial and alleging that he had no knowledge concerning the transaction in relation to the land in Oklahoma, and further alleging an oral agreement between plaintiffs and Snook that their deed should be executed and delivered in blank as to the grantee, with power and authority in Snook to fill in the name of any grantee to whom he might desire to transfer the property, and that when the plaintiff's deed was tendered to Snook with the latter's name as grantee therein, plaintiff C. L. McClung, acting for himself and wife, agreed that Snook's name might be stricken out in order to make the deed conform to the agreement.

The answer denied notice either of the fraud alleged against Snook or that plaintiffs had or claimed any interest in the property. The material facts found by the trial court are in substance these: The deed in question was delivered December 20, 1913; the trade was made in accordance with a contract between the plaintiffs and Snook, in which C. L. Mc-

Clung acted for himself and his wife, and J. P. Johnson acted as the agent of Snook. There was an oral agreement that Snook was to deliver to the McClungs a deed from a third party conveying the Oklahoma land, with the name of the grantee left blank, and was to receive from them a deed to the Kansas City property which was to be in blank as to the grantee. When the parties met to deliver the deeds C. L. McClung appeared for his wife, in whom the title to the property in Kansas City stood, and J. P. Johnson represented Snook, who was not present. Johnson for Snook tendered to McClung a deed to the Oklahoma property without the name of any grantee therein, which McClung accepted, and Mc-Clung tendered to Johnson for Snook a deed from the plaintiffs to the Kansas City property with the name of H. C. Snook written in as grantee. When Johnson objected to the name of Snook as grantee, and called attention to the prior agreement, McClung assented and thereupon delivered the deed with the understanding that Johnson was to erase the name of Snook as grantee and insert another grantee therein, and C. L. McClung was duly authorized to act for his wife. Subsequently defendants Honnell and Snook made an exchange of properties and Snook delivered to Honnell the McClung deed after Johnson had erased the name of Snook as grantee and the name of Honnell had been inserted in its place. The court found that at the time Honnell accepted the McClung deed from Snook he had no knowledge of any failure of consideration, no knowledge of any fraud or claim thereof, and dealt with Snook in entire good faith, paying full value for the lot conveyed to him; that the other defendants had no knowledge of any failure of consideration or any claim of fraud, and they purchased the lot from Honnell and paid full value therefor. The exchange of properties between plaintiffs and Snook occurred December 20, 1913; four days later McClung recorded the Oklahoma deed, and made no claim of fraud against any of the defendants until April 30, 1914, when this action was brought. The property was not conveyed by Honnell to defendants Haase and Haase until March 4, 1914. The court further found that the plaintiffs acquired good title to ten acres of land in Oklahoma, but did not acquire any title to thirty acres of the tract they were to receive, and that when Mc-Clung and Snook exchanged their deeds on December 20, 1913,

nothing remained to be done by either, and that the exchange of deeds was intended to be in full satisfaction of the written and verbal contracts for the exchange of properties. As conclusions of law the court found that the facts were not sufficient to warrant a rescission of the contract of exchange or the cancellation of the plaintiff's deed, and rendered judgment against the plaintiffs for costs.

The plaintiffs rely upon paragraph 5 of the syllabus of the original opinion in *Ayres v. Probasco,* 14 Kan. 175, to sustain their contention that the authority of an agent to make a change in a deed before delivering it is void unless in writing. Mr. Justice Brewer dissented (p. 191) from the statement of law declared in that paragraph of the syllabus and on a rehearing of the case (p. 192) the court held the paragraph and corresponding parts of the opinion to be dictum. (See comment thereon in *Bank v. Fleming,* 63 Kan. 139, 143, 65 Pac. 213.) The facts in the Ayres case are quite different from the facts presented here. The mortgage in that case was blank except for the signatures and acknowledgment of the husband and wife. It was afterwards filled in as to grantee, description of land and consideration, contrary to the wife's intention. Here the alteration in the instrument, instead of being contrary to the intention of the parties, was in strict compliance with their original agreement. The deed with Honnell's name as grantee was recorded four days afterward; plaintiffs had notice of its contents from the record and made no objection until four months later.

Some importance is sought to be attached to the fact that the answer alleges that C. L. McClung "was thereunto duly authorized, and then and there consented orally that defendant Snook might erase his name as grantee and fill in the name of any person," whereas the proof shows that his agent, Johnson, actually made the erasure. It was done by Johnson for Snook in the latter's presence and the effect was the same as if Snook's hand held the pen.

So far as the name of the grantee was concerned, the deed as finally delivered was completed in accordance with the agreement of the parties; it was duly acknowledged and entitled to record, and the plaintiffs are estopped to deny that

the grantee acquired title.  (*Bank v. Fleming*, supra.)  The court's findings are well supported by the evidence, and its conclusions of law necessarily follow.

The judgment is affirmed.