No. 22,896.

CLARK INVESTMENT COMPANY, *Appellee,* v. W. L. CUNNINGHAM, Trustee, and ORRIN ROBERTSON, *Appellants,* et al.

### SYLLABUS BY THE COURT.

1. FOREIGN CORPORATION—*Right to Bring Action to Foreclose Mortgage on Real Property in Kansas.* A foreign corporation may bring an action in this state to foreclose a mortgage on real property, and the defendants cannot defeat the action by showing that the charter of the plaintiff had been revoked, if the plaintiff shows that the order of revocation was afterwards rescinded, although the defendants contend that the order of rescission was invalid because not authorized by law.

2. DEED—*Assumption of Mortgage by Grantee—Estoppel to Deny Covenants in Deed.* The clerk of a man engaged in the real-estate business is estopped to deny that he assumed and agreed to pay a mortgage described in a deed in which he is named as grantee and which recites that the grantee assumes and agrees to pay the mortgage, where he permits his employer to accept such conveyance and afterward executes a deed conveying the real property at the request of his prin-

,cipal, all without knowing and without inquiring concerning the nature of the transactions in which the conveyances were made.

3. SAME.   In an action to foreclose a mortgage on real property, the grantee of the mortgagor and all subsequent grantees are estopped to deny the validity of the mortgage, where the mortgagor's grantee, in the deed to him, assumed and agreed to pay the mortgage, and all subsequent conveyances·of the land are quitclaim deeds or are made subject to the mortgage.

4. SAME—*Foreclosure of Mortgage—Six Months' Period of Redemption.* No error is shown in the judgment of the court fixing the period of redemption from sheriff's sale at six months.

5. SAME—*Request for Special Findings.*   On a request for special findings of fact, the court found the ultimate facts on which the rights of the parties depended and from which the correctness of the judgment could be obviously and readily ascertained.   *Held,* that it was not reversible error to refuse to find the evidentiary facts requested by the parties.

6. SAME.   The request for special findings was made too late.

Appeal from Logan district court; ISAAC T. PURCELL, judge. Opinion filed April 9, 1921.   Affirmed.

*Charles S. Briggs,* and *John G. Egan,* both of Topeka, for the appellants.

*C. A. Spencer,* and *C. Earl Currah,* both of Oakley, for the appellee. ·

The opinion of the court was delivered by

MARSHALL, J.:  This is an action to foreclose two mortgages. The plaintiff recovered personal judgment against F. V. Watkins and judgment barring W. L. Cunningham, trustee in bankruptcy of Orrin Robertson, from any interest in the property after sale and sheriff's deed.   W. L. Cunningham, trustee, and F. V. Watkins appeal.

William C. Martin owned the real property situated in Logan county, and he and his wife conveyed it to the plaintiff, a Missouri corporation composed of William C. Martin, Ada C. Martin, and Fred A. Boxley.   The corporation was organized for the convenience of William C. Martin in transacting a real-estate business in which he was engaged.   The deed was never recorded and was finally destroyed.

J. W. Watkins was engaged in the ·real-estate business at Quenemo, Kan.   F. V. Watkins was his daughter, and was his

clerk and stenographer. In assisting her father, deeds were made to her, and she signed conveyances of real property at the request of her father without knowing and apparently without making any inquiry concerning the nature of the transactions. William C. Martin and his wife executed two notes for $1,500 each to Fred A. Boxley, and to secure the payment of the same, gave mortgages on the real property in Logan county. Fred A. Boxley transferred the notes and mortgages to the plaintiff. Martin and his wife executed to F. V. Watkins a warranty deed which recited that the purchaser assumed and agreed to pay the mortgages. F. V. Watkins did not take any part in the negotiations between J. W. Watkins and William C. Martin, and did not know that in that deed she assumed and agreed to pay the mortgages. She executed a warranty deed, subject to the mortgages, to Joseph Krug, and he executed a quitclaim deed to W. L. Cunningham, trustee in bankruptcy.

A forfeiture of the corporate rights of the plaintiff was declared by the secretary of state of Missouri under the laws of that state on the 2d day of December, 1916, and that forfeiture was rescinded and the corporation restored to good standing by the secretary of state on the 20th day of September, 1917.

1. The first proposition argued by the defendant is that the plaintiff cannot sue for the reason that its corporate rights had been forfeited and it had no corporate capacity. The plaintiff argues that its corporate rights were subsequently restored. In response, the defendants insist that the secretary of state had no power to rescind the forfeiture. The plaintiff replies by contending that the original forfeiture was without authority of law. A situation is thus presented that is eminently under the control of the state of Missouri, and until that state has in a proper proceeding finally declared that the plaintiff is not a corporation, this court must recognize the right of the plaintiff to bring an action here to enforce the payment of a debt to it.

2. It is contended that judgment was erroneously rendered against F. V. Watkins. This contention is based on the fact that she did not know of the conveyance to her and did not knowingly assume nor agree to pay the mortgages. The manner in which she did business for her father estops her to deny

or evade what she did at her father's request. (*Anderson v. Walter,* 78 Kan. 781, 99 Pac. 270; *McClung v. Snook,* 99 Kan. 355, 161 Pac. 663; 21 C. J. 1172.)

3. It is contended that the mortgages were void for the reason that William C. Martin, at the time he executed them, did not own the land, he having previously conveyed it to the plaintiff. This contention must be met by the fact that the arrangement entered into was agreed to by J. W. Watkins, and the deed from William C. Martin to the plaintiff was ignored. F. V. Watkins assumed and agreed to pay the mortgages; the deed to her grantee, Joseph Krug, was made subject to the mortgages; and W. L. Cunningham, as trustee, obtained the land by a quitclaim deed from Krug. All of these parties are estopped to deny the validity of the mortgages. (*Gowans v. Pierce,* 57 Kan. 180, 45 Pac. 586.)

4. In the judgment, the period of redemption from the sheriff's sale was fixed at six months. It is claimed that this was error. Why it was error does not appear except that the defendants argue that it was not alleged in the petition and did not appear in the evidence that the mortgages were given for the purchase price of the land. Section 7380 of the General Statutes of 1915 reads—

"The defendant owner may redeem any real property sold under execution, special execution or order of sale, at the amount sold for, together with interest, costs, and taxes, as provided for in this act, at any time within eighteen months from the day of sale as herein provided, and shall in the meantime be entitled to the possession of the property; but where the court or judge shall find that the lands and tenements have been abandoned, or are not occupied in good faith, the period of redemption for defendant owner shall be six months from the date of sale, and all junior lien-holders shall be entitled to three months to redeem after the expiration of said six months."

Even if the mortgages were not given for the purchase price of the land, there is nothing in the abstracts to show that there was not sufficient reason for fixing the period of redemption at six months.

5. A serious contention is that each of the defendants at the close of the introduction of the evidence, requested the court to make findings of fact and conclusions of law, and then submitted to the court certain findings which they desired that the court should make. Most, if not all, of those requested were

evidentiary facts from which the ultimate facts might have been found. The court made findings of fact as follows:

"That there is due plaintiff from said defendant F. V. Watkins, on the notes and mortgages sued on in this action, the sum of $4,095.80, and that said sum draws interest at the rate of eight per cent per annum, and that said sum is a first and best lien on all of the real estate hereinafter described. The court further finds that the fee title to said land, to-wit—the northeast quarter (N. E. ¼) and the southeast quarter (S. E. ¼) of section one (1), in township thirteen (13) south, range thirty-two (32) west of the sixth principal meridian in Logan County, Kansas, is in the defendant, William L. Cunningham, trustee in bankruptcy of the estate of Orrin Robertson, bankrupt of Cowley County, Kansas, and that the defendant Orrin Robertson has no right, title or interest therein; that the two mortgages hereinbefore mentioned are valid and existing liens upon said premises, that no part of the debt secured thereby, or any part thereof, has been paid, that said mortgages are past due and in full force and effect, and that plaintiff is entitled to a decree foreclosing the same. And the court further finds that the defendant, W. C. Martin has no right, title or interest in and to said lands, or any part thereof."

These were the ultimate facts. In *Alexa v. Alexa,* ante, p. 38, 193 Pac. 1083, this court ruled that—

"The special findings which the code directs the trial court to state in writing, at the request of a litigant, are those which deal with the ultimate facts upon which the rights of the parties directly depend and from which the correctness of the judgment can obviously and readily be ascertained, not the merely evidentiary facts upon which the ultimate facts in issue are established." (Syl. ¶ 2.)

In *Marquis v. Ireland,* 86 Kan. 416, 121 Pac. 486, the second paragraph of the syllabus reads—

"The fact that in a trial without a jury the court refused to state in writing the conclusions of fact found separately from the conclusions of law, upon seasonable request, is not a ground for the reversal of the judgment, where it is not shown that the refusal resulted in any substantial prejudice to the losing party."

(See, also, *In re Appeal from Survey,* 106 Kan. 222, 187 Pac. 677.)

Following the last two cases, it cannot be said that the defendants were prejudiced by the refusal of the court to make more specific findings of fact; and, following the Alexa case, it must be held that the findings of fact made by the court were the ultimate facts on which the rights of the parties depended and from which the correctness of the judgment can be ascertained. These findings compelled the judgment that was rendered.

6. The request for special findings of fact was made too late. The rule of the court required that the request should have been at the opening of the trial. The rule was reasonable and should have been complied with. (*Schuler v. Collins*, 63 Kan. 372, 65 Pac. 662.)

The judgment is affirmed.