Hoard v. White.

---

No. 24,309.

ELMER E. HOARD, *Appellant*, v. ROY WHITE, *Appellee*.

SYLLABUS BY THE COURT.

1. ACTION TO RECOVER MONEY LOANED—*Rulings on Evidence.* The complaints concerning the admission of evidence have been examined. *Held*, that no error was committed.

2. SAME—*Refusal to Submit Special Questions to Jury Not Error.* It was not error to refuse to submit to the jury special questions requested by the plaintiff because the questions called for evidentiary facts only, not for ultimate facts or for facts on which judgment could have been rendered.

3. SAME—*Refusal to Give Requested Instructions Not Error.* It was not error to refuse to give instructions requested, and there was no error in the instructions given.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed November 10, 1923. Affirmed.

*E. C. Wilcox*, and *Myrtle Youngberg*, both of Anthony, for the appellant.
*Donald Muir*, of Anthony, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In this action, the plaintiff seeks to recover $230 which he alleged in his bill of particulars had been loaned to the defendant. Judgment was rendered in favor of the defendant, and the plaintiff appeals.

The plaintiff signed a written order to the defendant for an automobile. That order contained the following language:

"If the balance of the full purchase price is not settled by me within fifteen days after notice that said motor car is ready for delivery, you may cancel this order and retain all payments made by me as liquidated damages. ᷍ . .

"For the motor car and equipment as above specified, subject to your standard warranty and standard service policy as printed on the back of this order, I agree to pay the sum of............................$1325.00

In payments as follows:

By cash deposit accompanying this order........................... 230.00
$1095.00

By one Overland Touring Motor Car, which I agree to deliver to you on or before Sept. 23, 1921, free and clear of all liens and encumbrances and in the same condition as at present, reasonable wear and tear excepted, to be sold for deposit on Lt. Six Touring.

Balance to be paid to you upon delivery of car."

On the trial, the plaintiff testified that he had loaned the defendant $230; that after the defendant had borrowed the money, he asked for the order or contract and said he would give the plaintiff credit on it for $230; and that the defendant then obtained the contract and wrote the statement on it concerning the $230. The defendant testified that the $230 was paid as a deposit on the contract for the purchase of the automobile.

One issue between the parties concerned the Overland touring motor car. The language of the contract has been quoted. It is fairly clear. The plaintiff contended that for the Overland car, the defendant was to credit $450 on the purchase price of the new car. The defendant contended that the Overland car was to be received by him, that he was to make an effort to sell it for the plaintiff, and that when it was sold the proceeds were to be applied on the purchase price of the new car.

1. Three complaints are made of evidence introduced. One is that, after the plaintiff had testified to his version of the contract, that the Overland touring motor car was to be taken by the defendant at $450, he was made to disclose that he sold the car for $450 and retained the money. Another complaint is that the defendant was permitted to testify concerning what his commission would have been if the sale of the car to the plaintiff had been completed. The third complaint is that the defendant was permitted to introduce evidence concerning the Overland touring car contradicting the written order. The evidence concerning the sale

of the Overland car for $450 and concerning the commission of the
defendant was wholly immaterial. It did not matter, as far as the
controversy in this action was concerned, whether the plaintiff sold
the car himself and retained the money received or not, nor did it
matter what the commission of the defendant would have been on
the sale of the car to the plaintiff.

The third complaint concerns evidence of the defendant, who
testified that the Overland car was placed in his hands to be sold by
him for the plaintiff and that the proceeds of the sale were to be
applied on the purchase price of the car sold by the defendant to
the plaintiff. That evidence was in harmony with the written order.
It was not contradictory to it. The evidence of the plaintiff was
contradictory to the written order, but that matter need not be dis-
cussed. The plaintiff's contentions concerning the introduction of
evidence cannot be sustained.

2. Complaint is made of the refusal of the court to submit to
the jury certain special questions which the plaintiff desired to have
answered. Those questions were as follows:

"1. Do you find that just before signing the contract between the plaintiff
and defendant with reference to the exchange and purchase of the Stude-
baker car, that the plaintiff asked what that clause in the contract with refer-
ence to a deposit of a second hand car, was intended to mean?

"2. If you answer the last interrogatory in the affirmative, then state if
the defendant stated, in substance, that he did not want the amount for which
he was to take the car stated in the contract, because he did not want his
house to know it and that he understood that clause to mean that he accepted
the old car as a deposit on the new car?

"3. Do you find that the plaintiff turned over the second hand car to the
defendant on said contract of purchase?

"4. Do you find that the defendant undertook to procure a loan to be
negotiated for a prospective purchaser of said second hand car and had a bill
of sale prepared from himself to such purchaser in case the purchaser procured
a loan?   .

"5. If you answer the last interrogatory in the affirmative, state whether or
not he was acting in his own behalf or in behalf of the plaintiff?"

These questions called for answers wholly evidentiary in their
nature. If all had been answered as desired by the plaintiff, they
would not have compelled judgment in his favor. Answers to them
would not have found the facts on which judgment could have been
rendered. They could have been used only for the purpose of argu-
ment to establish other facts on which judgment might have been
rendered. The vital question, the one which necessarily controlled

the judgment, concerned the $230. None of the answers would have shown whether that amount of money was loaned or whether it was deposited on the purchase price of the car. Not one of the questions submitted by the plaintiff called for an answer on how the defendant received the Overland touring car from the plaintiff, whether it was received to be applied on the purchase price or whether it was received to be sold and the proceeds applied on the purchase price. The plaintiff's evidence concerning the Overland touring car was incompetent because that evidence sought to vary the terms of the written order. Even if that evidence had been competent, the ultimate fact to be found by the jury concerned the purpose for which the car was turned over to the defendant. None of the questions submitted by the plaintiff called for an answer concerning the nature of the transaction connected with the Overland touring car.

In *Investment Co. v. Cunningham*, 108 Kan. 703, 179 Pac. 212, this court said:

"On a request for special findings of fact, the court found the ultimate facts on which the rights of the parties depended and from which the correctness of the judgment could be obviously and readily ascertained. *Held*, that it was not reversible error to refuse to find the evidentiary facts requested by the parties." (Syl. ¶ 5.)

If it is not obligatory on a trial court to make findings of fact evidentiary in their nature where the ultimate facts are found, it should not be obligatory on a court to submit to a jury special questions which call for answers that are only evidentiary in their nature, which cannot control the judgment and which do not find any ultimate fact in the case.

3. The plaintiff complains of the refusal of the court to give instructions requested and complains of the instructions given. The requested instructions were as follows:

"1. You are instructed that if you believe from the evidence that the contract respecting the exchange, or sale, of automobiles between said parties, was signed by the plaintiff and was not signed by the defendant before the delivery to the defendant of the sum of $230.00, which the plaintiff claims he loaned to the defendant, or before the defendant and the plaintiff discontinued negotiations, that the same would not be binding on the plaintiff.

"2. You are instructed that if the written contract was not signed nor approved by the defendant before the delivery to him of the $230.00 involved in this action, and the arrangement between said parties was that the said defendant should take said automobile, or second hand car, in exchange for a new car, on a consideration of $450 and afterwards refused to take the

same, the plaintiff had a perfect right to sell said automobile, even though to the customer of the defendant, and retain the money, and also the right to recover the sum of $230.00 which' the said plaintiff claims that he loaned to the said defendant.

"3. If you find that the agreement was made between the parties, in substance, that the automobile of the plaintiff should be taken by the defendant on a new car for $450, or any other sum, and the plaintiff offered to accept the used demonstrator in place of the new car, and offered to deliver the second hand car and pay the remainder, and the said defendant refused to consummate said transaction as agreed and afterwards presented a new car, that the plaintiff would not be bound to complete the transaction and accept the new car and pay the remainder, and that' the defendant would be obliged to return to the plaintiff the sum of $230.00, which it is alleged he loaned him.

"4. If you find that the plaintiff should recover, he is entitled to interest at the rate of 'six per cent per annum from the date of the failure of the defendant to complete said transaction, if you find that he failed to comply with the terms of the contract as agreed.

"5. You are further instructed that if the written contract was signed by both parties before the second' hand car was turned over to the defendant, and before the signing of the contract by the plaintiff, he asked the defendant to interpret that portion with reference to the deposit of the second hand car, and the defendant informed him, in substance, that that clause was intended to mean that the car would be accepted for the regular deposit for the purchase price and that he did not want the amount placed in the contract for the same reason, and the plaintiff then signed said contract, that the plaintiff would not be bound by any other interpretation of said clause."

The instructions given were as follows:

"1. This is an action brought by the above named plaintiff against the above named defendant in the justice court and brought to this court on appeal.

"In his bill of particulars, plaintiff alleges that said defendant is indebted to said plaintiff in the sum of $230.00, which sum said defendant borrowed from said plaintiff on or about the 30th day of September, 1921.

"Plaintiff further alleges that due demand has been made upon said defendant to pay said sum and said defendant refuses so to do.

"Accordingly plaintiff prays for judgment against said defendant for said sum together with interest thereon at the rate of 6% per annum from September 30th, 1921, to this date.

"In answer to plaintiff's bill of particulars, said defendant has interposed a general denial. Under the issues thus joined, upon plaintiff's bill of particulars and defendant's denial thereto the case is here for your consideration and determination.

"3. In this case if you find and believe from the evidence that the plaintiff on or about· the 30th day of September, 1921, loaned to the defendant the sum of $230.00 or some part thereof and that the defendant borrowed from the plaintiff said sum or some part thereof and that the defendant has not repaid the money so borrowed from the plaintiff, then I say to you that the

plaintiff would be entitled to recover from the defendant the amount of money that he so loaned to the defendant, together with interest thereon at the rate of 6% per annum from the date that said sum should have been repaid to this date and in that event your verdict should be for the plaintiff for such sum and you should insert in your verdict for the plaintiff the amount of such sum including interest as aforesaid.

"4. The defendant admits that he received the sum of $230 from the plaintiff, but denies that it was a loan made to him by the plaintiff and says, that it was money paid upon an order placed with him and signed by the plaintiff for a Studebaker touring car in which order it is provided 'that if the balance of the full purchase price for said car be not settled by the plaintiff within 15 days after notice that said motor car was ready for delivery, the defendant might cancel the order· and retain all payments including the said sum of $230.00 as liquidated damages.' In this connection you are instructed that if you find and believe from the evidence that the defendant's contention is true and that the said $230.00 was received from the plaintiff by the defendant in part payment of the automobile provided for in the order, either made at the time the order was signed or subsequently and you further find that the plaintiff failed to pay or settle the balance of the purchase price on said automobile, then I say to you that the receipt of said money by the defendant from the plaintiff was not a loan and the plaintiff would not be entitled to recover the same from the defendant in this action and your verdict should be for the defendant."

One complaint of the instructions given is that the court stated to the jury that the defense consisted of a general denial of the allegations in the bill of particulars. There was no written answer. Throughout the trial the defendant contended that the $230 had not been loaned to him. He introduced evidence to support that contention. That contention, if it had been reduced to writing, would have been a general denial of the plaintiff's bill of particulars. The court's instruction concerning that matter was therefore correct.

One controversy was about the Overland touring car, concerning which the plaintiff asked that·instructions be submitted to the jury. It has been shown that the evidence introduced by the plaintiff on that question contradicted the terms of the written order and was for· that reason incompetent. It was not the duty of the court to instruct the jury concerning a cause of action which was not mentioned in the bill of particulars and was supported by only incompetent and inadmissible evidence.

Following his bill of particulars, the plaintiff sought to establish that he had loaned the $230, and the defendant sought to establish that the $230 had been deposited to apply on the purchase price of a new car. The court fully instructed the jury on that issue, the one

presented by the bill of particulars. No other instruction was necessary to present that issue to the jury. There was no error in refusing to give the instructions requested nor in the instructions given.

The judgment is affirmed.